### Thaddeus Carter, et al., v. The People of the State of Illinois, etc.

#### Gen. No. 4,533.

1. APPEAL—*when improperly perfected.* Where two parties to a cause pray a joint appeal, and but one of such parties perfects the same, a motion to dismiss will be allowed.

2. APPEAL—*when irregularity in perfecting, waived.* Where the appellee does not move to dismiss an appeal for irregularity in perfecting the same, but, on the other hand, files briefs, the irregularity is waived.

3. INFORMATION—*when properly amended.* An information is properly amended where the amendment redounds to the benefit of the defendant.

4. AMENDMENT—*when making, without leave of court, cannot be objected to.* Where an amendment has been made, so far as the record shows, without leave of court, the objection if first made on appeal comes too late.

5. RECOGNIZANCE—*when does not discharge.* The fact that the information in the prosecution with respect to which the recognizance was given was amended, does not discharge the recognizance nor release the sureties from their obligation thereon.

6. JURISDICTION—*when presence of defendant not essential to, in criminal prosecution.* The presence of the defendant at the trial is not essential to the jurisdiction of the court in a criminal prosecution where the charge is not a felony, and he appears by attorney and defends.

*Scire facias* on recognizance. Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

A. JACOBSON, for appellants; J. A. CAMERON, of counsel.

ROBERT SCHOLES, State's Attorney, and ARTHUR M. OTMAR, Assistant State's Attorney, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

An information was filed in the court below against Thaddeus Carter, charging him with wife abandonment and child abandonment. He entered into a recognizance in open court, with Abraham Jacobson and Daisy Martin as sureties, in the penal sum of $400 conditioned to appear in said court from day to day and term to term, until the final sentence or order of the court, "and then and there to answer unto the People of said State for and concerning the crime of wife and child abandonment, with which he now stands charged, as will more fully appear by a certain information preferred against him, Thaddeus Carter, by the state's attorney of said county, and now on file in said court; and shall, moreover, abide the order of the said court in

the premises, and shall not depart the same without leave."
Carter was tried and convicted of wife abandonment, and
fined $500. His recognizance was forfeited, and *scire
facias* was sued out against the principal and sureties, to
which the defendants, Jacobson and Martin, pleaded *nul
tiel record*. A jury was waived, the cause was tried by the
court, and there was a finding and judgment against de-
fendants for the penalty of the bond. This is entitled as
an appeal by Carter, Jacobson and Martin from said judg-
ment, but it is not such in fact. Jacobson and Daisy Mar-
tin prayed and were allowed an appeal to this court, on
their filing a bond in the penal sum of $500, with sureties
to be approved by the clerk. The appeal bond was not
signed by Daisy Martin, as required by the order of appeal.
The appeal having been prayed and granted to two parties
jointly, and perfected by only one of them, the appeal is
not in compliance with the order of the court, and if a mo-
tion had been made to dismiss the appeal, it must have
been granted. Fortune v. Gilbert, 207 Ill. 235. But the
People did not move to dismiss the appeal, but instead filed
briefs, which amounts to a joinder in error. In such case
the court may treat the cause as if pending upon a writ of
error, and may disregard the irregularity of the attempted
appeal. Dearth v. Bute, 71 Ill. App. 487. We have, there-
fore, treated the case as if pending on writ of error.

At sometime before the trial of the cause, the informa-
tion was amended by drawing a line through the charge of
child abandonment, leaving only a charge of wife abandon-
ment, and it was of wife abandoment only and not of child
abandonment that Carter was convicted. It is contended
that as the recognizance bound Carter to answer the charges
of wife abandonment and child abandonment, it was not a
valid recognizance after the information had been amended.
We cannot concur in this view. An information may be
amended by leave of court. Daxanbeklar v. The People,
93 Ill. App. 553. The record offered in evidence did not
show that leave of court was granted so to amend the in-
formation, but if it was amended without having an order

entered of record, that would be an irregularity which was harmless, and which could only have been availed of in that proceeding, and of course, if an objection had been made, the court would have undoubtedly granted the leave as a matter of course. The amendment was favorable to the defendant, and not against his interests, as it relieved him of one of the charges stated in the information. The recognizance called for the appearance and presence of defendant Carter in court, and required that he should not depart therefrom without leave; and the fact that the information was amended, and a part of the charge against him was withdrawn, either regularly or irregularly, did not relieve him from the duty to appear and answer the remainder of the charge, nor did it relieve his sureties from the obligation they had assumed. Moreover, when the information was offered in evidence, the only objection thereto by defendants was that it was incompetent and immaterial. When the recognizance was offered in evidence, the objection by defendants was that it was immaterial and incompetent and "that it recited that the bond is given in the case charging wife and child abandonment, and that this recognizance that is sought to be forfeited and a *scire facias* issued upon shows that it was simply for wife abandonment." This last objection incorrectly stated the fact, for the recognizance set out the charge both of wife abandonment and child abandonment; and a variance between the information and the recognizance is not set up as a ground of objection. Carter did not personally appear at the trial of the case for wife abandonment, but did appear by an attorney, who defended the case for him. The charge was not a felony, and the absence of the person of the defendant did not deprive the court of jurisdiction to try the cause.

The judgment is affirmed.

*Affirmed.*