## Napoleon Giroux v. The People of the State of Illinois.

### Gen. No. 4,723.

1. INFORMATION—*power of court to permit amendment of.* Informations are not like indictments and the court may in its discretion permit them to be amended.

2. INFORMATION—*when need not be verified.* An information presented by and in the name of the state's attorney need not be verified.

3. DRAM-SHOP ACT—*what sufficient to establish violation of sec-*

*tion 6.* Section 6 of this act does not say "fixed habit;" it says "a person who is in the habit of getting intoxicated," and proof of a fixed habit is not essential to a conviction under this section.

Information for violation of Dram-shop Act. Error to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

T. W. SHIELDS, for plaintiff in error.

J. BERT. MILLER, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an information in the name of the state's attorney brought in the County Court of Kankakee county against Napoleon Giroux for a violation of section 6, chapter 43 of an act entitled "Dram-shops," which is as follows: "Whoever, by himself, or his agent or servant, shall sell or give intoxicating liquor * * * to any person intoxicated, or who is in the habit of getting intoxicated, shall for each offense be fined not less than $20 nor more than $100. or imprisoned in the county jail not less than thirty days, or both, according to the nature of the offense." The information contained five counts charging the sale of intoxicating liquor to one Mitchell Bertrand in violation of the statute. A motion to quash was overruled, and on motion of the state's attorney leave was had, and the information amended, by striking out the word "is" in each count and inserting in the place thereof the word "who" and preceding the word "in" the words "was then and there." The trial was upon the information as amended and a plea of not guilty. There was a verdict of guilty on the first count, a motion for a new trial denied, plaintiff in error sentenced to pay a fine of $50 and costs and stand committed until the fine and costs were paid, and this writ sued out to review the proceedings.

It is urged that the court erred in overruling the motion to quash and in permitting the amendment. The disposal of the point raised on the amendment will also answer the objection on the ruling to quash. In Truitt v. People, 88 Ill. 518, Lord Mansfield is quoted as saying in Rex v. Wilkes, 4 Burrow, 320: "There is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury and ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do." The doctrine so recognized in Truitt v. People, *supra*, was followed in Daxanbekler v. The People, 93 Ill. App. 553, and in Carter v. The People, 122 Ill. App. 77. The motion to amend was immediately after the motion to quash was overruled, and the court treating the information as a declaration at common law did not err in permitting the amendment, and it was as well had after overruling the motion to quash as before.

It is next urged that the amended information was not verified. "All offenses cognizable in county courts shall be prosecuted by information of the state's attorney, attorney general or some other person, and when an information is presented by any person other than the state's attorney or attorney general it shall be verified by affidavit of such person." Hurd's R. S. 1905, chapter 37, par. 207. The information here was in the name of the state's attorney and needed no verification, and plaintiff's objection that it was not verified is entirely without merit.

It is finally urged that there was not sufficient proof of the *"corpus delicti,"* proof of the habit and proof of the sale and intoxicating nature of the liquor. The statute does not say "fixed habit;" it says, "a person who is in the habit of getting intoxicated;" "that

is, having the involuntary tendency to become intox-
icated which is acquired by frequent repetition."
Murphy v. The People, 90 Ill. 59.  The evidence shows
that Bertrand had been drunk or intoxicated five or
six times within four months before the trial, and a
number of other times within the limit of the proof
under the information.  A man without the involun-
tary tendency to become intoxicated could hardly be
supposed to be guilty of such excesses.  Murphy v.
The People, *supra.*

There was a conflict in the evidence relative to the
sale of liquor and its intoxicating qualities.  Two
wholly disinterested witnesses testified that on Janu-
ary 15, 1906, Bertrand came into plaintiff in error's
saloon, called for brandy, received a bottle and glass,
poured into the glass some of the contents of the
bottle, drank the same and paid the plaintiff in error
some money.  One stated that it looked like brandy.
Bertrand's son testified that one day in the same year
and month he saw his father drink lager beer at
plaintiff's bar.  He knew it was lager beer because he,
at the same time, drank out of the same faucet.  Plaint-
iff in error testified that he never sold Bertrand any
liquor, but had frequently sold him jamaica ginger
and peppermint and ginger ale when he called for
brandy, whiskey or beer.  Bertrand testified, corrobo-
rating plaintiff in error, and several witnesses testi-
fied they never saw plaintiff in error sell Bertrand
intoxicating liquor.  The evidence of witnesses tes-
tifying that they did not see the selling is negative
only, and does not tend to disprove the affirmative
evidence of those testifying that they had seen the
sale.

The jury were fully and fairly instructed as to the
presumptions of law arising in plaintiff in error's
favor; how to weigh his testimony with that of the
other evidence in the case; as to the measure and
character of proof necessary to warrant conviction.
They saw the witnesses, their conduct and demeanor

while testifying, and had an opportunity to determine their interest and motives and decide which were telling the truth. We are unable to say from this record that the jury were unauthorized in finding that Bertrand was in the habit of getting intoxicated, and that plaintiff in error sold him intoxicating liquor as charged in the first count of the amended declaration.

The judgment is affirmed.

*Affirmed.*