THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LAWRENCE H. CARROLL, Defendant-Appellant.

Third District   No. 82—193

Opinion filed October 27, 1982.

Roberg Agostinelli and Stephen H. Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal presents an interesting paradox. The defendant claims that the trial court erred by conducting his trial without him. Thus, the proceedings are invalid and a new trial should be granted. On the other hand, the defendant argues that the State's evidence presented at the allegedly invalid trial was not sufficient to convict the defendant beyond a reasonable doubt. According to the defendant, this entitles him to an outright reversal. This duplicitous argument is based on the following facts.

The defendant was convicted of reckless driving, fleeing and attempting to elude the police, speeding and operating a motorcycle without lights, glasses or license plates. The defendant missed his first trial date and a bench warrant was issued. He also failed to appear on the second date, so a bench trial was had without him. The defendant charges that this was error since there is no affirmative showing that the court admonished the defendant that trial could proceed in his absence. (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d).) The State confesses

error on this point and we agree. Because the court failed to give the required warnings, it cannot be said that the defendant waived his right to be present at trial. Therefore the defendant is entitled to a new trial. We note that the defendant also claims the court erred in conducting the trial *in absentia* without complying with section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1). This provision explicitly applies only to noncapital felonies and is not controlling here since the defendant was charged with misdemeanors.

The defendant next asserts that if we reverse and remand for a new trial, we must also comply with his request to review the sufficiency of the evidence. The defendant claims the evidence was insufficient to prove him guilty of reckless driving. The defendant also argues that the State failed to identify the defendant as the same person who committed the offenses.

Indeed, paradoxically, if there is any flaw in the identification, it was due in whole or in part to the defendant's absence from the trial. In any event, the best way to remedy such alleged flaw is to remand for a new trial. Under these circumstances, we decline to review the evidence in this case.

■ In support of his request that we review the evidence, the defendant cites *People v. Taylor* (1979), 76 Ill. 2d 289, which held that a court risks subjecting a defendant to double jeopardy by remanding a case for a new trial without first deciding a defendant's claim that the evidence was insufficient. While *Taylor* correctly states the law in Illinois, we find that it is distinguishable from the facts in the instant case.

In *Taylor*, the defendant was present at trial and had the opportunity to confront the witnesses against him and testify on his own behalf had he wished to do so. Here, the defendant was denied those rights and that is the evil we seek to cure by granting a new trial. We fail to see how the defendant can assert the bar of double jeopardy based on proceedings in which the adversary system was reduced to a nullity. We do not read *Taylor* as requiring us to review the evidence until there has been a trial in the defendant's presence, or a trial *in absentia* where the defendant was given the warnings required by law. Where there has been a violation of the defendant's right to be present which renders the lower court proceedings a mere pretense of a trial, it is enough that we reverse and remand for a new trial.

Reversed and remanded.

BARRY, P.J., and SCOTT, J., concur.