THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM BURNS, Defendant-Appellant.

Fifth District   No. 82—321

Opinion filed August 3, 1983.

Randy E. Blue and David M. Raymond, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gerald A. Sims, Jr., State's Attorney, of Pinckneyville (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, William Burns, was found guilty of three counts of felony deceptive practices following a trial by jury *in absentia*. He was sentenced to a term of 30 months in the Department of Corrections and ordered to make restitution and pay a fine. On appeal he raises three issues: (1) whether the statute that allows a defendant absent at the start of his trial to be tried *in absentia* (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)) is unconstitutional; (2) whether he should be granted a new trial because the trial court did not, as required by statute (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e)), admonish him that his failure to appear at trial would constitute a waiver of his right to confront the witnesses against him and that the trial could, nevertheless, proceed in his absence; and (3) whether the State failed to prove beyond a reasonable doubt that the person depicted in the photograph marked People's exhibit No. 4 was the William Burns who was on trial in this case.

Following the filing of an amended information, the defendant first appeared in court on September 25, 1981, at which time the public defender was appointed and preliminary hearing was set. Defendant gave his address as Box 462, Pinckneyville, Illinois, where he was staying with one of his sisters and, apparently, her husband. At the subsequent hearing, on October 8, 1981, defendant was present with his attorney. The court found probable cause, the defendant entered a

plea of not guilty as to all three counts, and the court denied defendant's motion to reduce bond, urged for medical reasons. The defendant, who is 55, testified that he was supposed to be evaluated for further surgery on his stomach. In denying the motion, the trial court said it would reconsider the ruling if defendant's attorney could provide verification of the need for such surgery "from a hospital or doctor." Defendant subsequently posted bond. On December 8, 1981, the case was set for readiness call on December 30, 1981, notice of which was sent to defendant. On December 30, 1981, the case was called for pretrial conference, at which time defendant was absent. Defendant's attorney, despite having tried to find defendant, did not know where he was, saying, "[T]he closest I can come is that he is somewhere in Southern Missouri." In an order entered December 30, 1981, the case was set for trial on January 14, 1982, and defendant was ordered to be present on that date. A copy of that order was mailed to defendant at the address shown on his bond.

On January 14, 1982, the case was called for trial, but defendant was again absent. The prosecutor and defense counsel stipulated to certain facts, some of which follow. The sheriff's department had spoken with another of defendant's sisters, Frances Wright, who had said that before Christmas she had put the defendant on a bus in Nashville, Illinois, so that he could go to a Veteran's Administration hospital in, apparently, St. Louis, Missouri. Defendant in some way indicated to her or another relative that he had not been admitted to the hospital because it was full. His sister had said that when she put him on the bus "there was a conversation between them concerning the December 30th day and he did tell her that he would be here for that pretrial date." The sheriff of Reynolds County, Missouri, at the request of the prosecutor, had attempted twice to serve the warrant in the instant case and to find defendant but had been unable to do so. The trial court found that defendant's failure to appear on January 14 was a wilful avoidance of trial and granted the State's motion to try him *in absentia.* Trial was set for January 21, 1982, and notice of the trial on that date was sent to defendant by certified mail at his last known address, indicated on his bond slip.

On January 21, despite further efforts by defendant's attorney to locate him—the sister with whom he had been staying believed he was in Reynolds County, Missouri, he had been unable to do so and did not know where defendant was. The State's Attorney informed the court as follows:

> "Judge, in that regard I might mention, the Court might recall under the stipulated facts Reynolds County, Missouri, was

where the State had attempted to locate him on the basis of some knowledge disposed to [*sic*] the State by Francis [*sic*] Wright.

Also, the Clerk has informed me on the 14th, which is when the Court did order certified mail to Route 2 [which includes Box 462], Pinckneyville, the Clerk on that date did send out certified mail. Mr. Phipps, the Clerk of the Court, went to the Post Office more recently and he found on the 11th there was a change of address to William Burns to General Delivery, Reynolds, Missouri, which is in Reynolds County, Missouri.

THE COURT: Well, it is the defendant's obligation to keep the Clerk's office advised if there is any change of address that he gave on his bond and he hasn't done that. I don't feel that the Court personnel or the Court has to scurry around the countryside trying to find a defendant to bring him in for trial. The defendant has certain obligations himself, and this particular defendant hasn't met those obligations."

Trial was had on January 21, at which time defendant was represented by counsel.

The evidence showed that on August 3, 1981, defendant had, with a deposit of $120, opened an account upon which he later wrote three checks, each far exceeding the amount of the deposit. He made no further deposits but the next day purchased by check luggage and clothing for the sum of $240.90 and an automobile in the amount of $453. On August 22, 1981, he purchased by check a tape player, a CB radio, and accessories for the sum of $255.

Defendant received the notice of trial, according to the postmark on the receipt for certified mail, in Reynolds, Missouri, on February 1, 1982. Defendant was arrested on March 17, 1982, and ordered held without bond. The trial court subsequently denied defendant's post-trial motion for a new trial or a judgment of acquittal and sentenced him. In the post-trial motion defendant stated that the trial court had erred in finding that the absence of defendant was a wilful act. Defendant does not, however, present the issue for review.

We note parenthetically that, according to defendant's presentence investigation report,

"on February 25, 1982 an obituary appeared in the Reynolds County Courier in Missouri stating that William Burns had died on February 12, 1982 at the VA Medical Center in St. Louis, Missouri and was buried in Jefferson Barracks Cemetery. All family information contained in the article corresponds with that of the defendant, William Burns. After receiving some fur-

ther information, the paper investigated the matter of the article and found it to be inaccurate."

We note further, still parenthetically, items 6 and 7 of that part of the presentence investigation addressing defendant's history of criminality or delinquency:

"6. October 14, 1977, in Carter County, Missouri, charged with DWI third. The defendant has failed to appear in court on this matter and a warrant has been activated as of April 29, 1982 when that jurisdiction was notified of his whereabouts in Perry County, Illinois. (Case No. 6316)

7. August 11, 1980, in Carter County, Missouri, charged with Misdemeanor Bad Checks (2 counts). The defendant has failed to appear before the court on this matter and a warrant was activated as of April 29, 1982 when that jurisdiction was notified of his whereabouts in Perry County, Illinois. (Case No. CR-280163M and CR-280164M)."

■ Defendant does not contend that the State and the trial court did not abide by the requirements of section 115—4.1 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1). He contends only that the statute is unconstitutional. However, the statute has been held to be constitutional (*People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935; *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708), and we adhere to those holdings.

As was said in *People v. Davis* (1968), 39 Ill. 2d 325, 329-30, 235 N.E.2d 634, 636, upon which the defendant relies and in which the trial of a defendant, absent from the entire trial and not represented by counsel, was held to be constitutionally impermissible:

"There is, of course, no question as to the defendant's absolute right to be present at his trial, and this right can be waived only by the defendant himself. (*Snyder v. Massachusetts,* 291 U.S. 97, 105-06, 78 L. Ed. 674, 54 S. Ct. 330, 332; *People v. Steenbergen,* (31 Ill. 2d 615, 618; *People v. Smith,* 6 Ill. 2d 414, 416.) But a defendant may not prevent his trial by voluntarily absenting himself therefrom, and a defendant in a criminal case, particularly one who has been released on bail pending trial, has a duty to present himself when his case is reached on a jury trial calendar. (*Steenbergen;* see, also, *People v. De Simone,* 9 Ill. 2d 522, 533.) In those cases where a defendant voluntarily absents himself from the courtroom after the trial has commenced it is uniformly held to be a waiver of the right to be present, leaving the court free to proceed with the trial in like manner and with like effect as if he were

present. [Citations.]"

As was pointed out in *Collins,* the court in *Davis* "premised its decision principally on the State's failure to afford defendant the representation of counsel at his *in absentia* trial." (109 Ill. App. 3d 1076, 1079, 441 N.E.2d 935, 937.) The court in *Collins* stated further of *Davis* that it did "not read *Davis* as a condemnation of *in absentia* trials under all circumstances" (109 Ill. App. 3d 1076, 1079, 441 N.E.2d 935, 937). The defendant here stresses, in terms of the receipt by a defendant of notice of the date of trial, the difference between a trial *in absentia* of a defendant who is present for part of his trial, absenting himself after it has begun, and a trial *in absentia* of a defendant who is not present at his trial at all, the situation in *Collins* and *Powell* as well as in *Davis.* We note that in *Powell* the defendant's attorney represented to the court that his client knew the date of his trial. As the defendant here points out, a defendant who is present at the beginning of his trial has received notice of the date of trial, whereas, in the case of a defendant who is present for none of his trial, there can be no guarantee that the defendant has received such notice. Defendant argues that because waiver assumes knowledge, a defendant who has not received notice of his trial cannot knowingly have waived his right to be present at it and that he himself, who did not receive notice of the date of his trial until after the trial had ended, could not, therefore, knowingly have waived his right to be present at trial.

■■ ■ A defendant who has been released on bail pending trial has not only the right and the duty to be present when his case is reached on a jury trial calendar but also, we think, an obligation to enable the court to notify him of the date of trial. The defendant here provided the court with the same address, and never with any other, at his first appearance and on his bail bond. Released on bail pending trial, he went to another State apparently over a month prior to trial but made no effort to provide either the court, his attorney, or members of his family who might be questioned as to his whereabouts with either an address at which he could be reached or any other information that would have enabled the court or his attorney to communicate with him. Furthermore, he left the area knowing the next date on which proceedings relating to his trial would be conducted, having indicated to his sister that he would be back in time for the pretrial conference on December 30. Despite having been absent from court upon that date, defendant made no effort discernible in the record to learn from either his attorney or the court what had transpired then. Moreover, he had three weeks in which to do so. Inasmuch as the trial

court found that defendant's failure to appear on January 14 was a wilful avoidance of trial and in view of the facts of record, the defendant's failure to provide the court, his attorney, or members of his family who might be questioned as to his whereabouts may be considered a wilful, not a negligent, omission. In the context of a wilful omission, as opposed to a negligent one, we compare the case of *People v. Evans* (1961), 21 Ill. 2d 403, 172 N.E.2d 799, upon which defendant also relies. There the defendant, who was absent on the date of his trial, having taken a job of short duration in another State, called or communicated with his attorney when asked to do so as well as of his own volition, kept his landlady apprised of his whereabouts, and might, his attorney told the trial court, have concluded from the attorney's remarks that his case would not be tried during the setting in question. "The record," the court said, "does indeed show negligence on the part of the defendant and his attorney, and suggests even a disregard for the defendant's obligation to appear in court" (21 Ill. 2d 403, 405, 172 N.E.2d 799, 800), but held that the defendant had not waived the right to be present during his trial.

■■ ■ The defendant correctly states that the date of trial cannot be imputed to a defendant by virtue of his attorney's knowledge of the date of trial. (*People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.) Otherwise, as the court pointed out in *Watson,* trial *in absentia* would be "proper whenever defendant is represented by counsel" (109 Ill. App. 3d 880, 883, 441 N.E.2d 152, 154), assuming that all the other requirements of the statute had been satisfied. However, we think that if a defendant, by omitting to provide to the court information by which he may be informed of the date of his trial, precludes the court from giving him notice of the date, knowledge of the date of trial may be imputed to him, and, all other requirements of the statute having been met, such a defendant may be deemed to have waived knowingly his right to be present at trial. Because the defendant Burns by such an omission precluded the court from giving him notice of the date of his trial, knowledge of the date of trial is imputed to him. Since the defendant does not contend that the requirements of the statute have not been satisfied by the State or the court, by claiming, for example, that notice of the date of trial was not sent to him by certified mail, defendant is deemed to have waived knowingly his right to be present at trial.

The defendant did not include in his post-trial motion the second error he alleges, concerning section 113—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e)). However, rather than consider the issue of waiver, we elect to consider

the issue on its merits. The section provides:

> "If a defendant pleads not guilty, the court shall advise him *at that time or at any later court date on which he is present* that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e).)

On October 8, 1981, when defendant entered a plea of not guilty, the court did not so admonish him. The admonishment was not given at a later time inasmuch as defendant was not present in court at any time thereafter prior to trial. Because the court did not so admonish defendant prior to trial, he contends on appeal that the judgment must be reversed and the cause remanded for a new trial.

■ The statute unambiguously provides that the trial court shall so advise a defendant, who pleads not guilty, at the time he enters the plea or at a later time, prior to trial, on which he is present in court. According to the express provisions of the statute, the court was not required to admonish the defendant with regard to the waiver of this right at the time he entered his plea of not guilty but could have done so at a later time, for example, at the pretrial conference on December 30, of which defendant had notice. The defendant, however, by his voluntary absence from court for any further pretrial proceedings, denied the court any subsequent opportunity to admonish him prior to trial. Although we think that the admonishment required by section 113—4(e) preferably should be given at arraignment while the defendant is still before the court (see *People v. Castro* (1983), 114 Ill. App. 3d 984), the statute does not require that it be given then. Defendant's voluntary absence from court having precluded the court from admonishing the defendant on any later court date following his arraignment, the court did not commit error.

■ Nor did defendant include the third and final error he alleges on appeal in his post-trial motion. At trial witnesses for the State testified that the person in the photograph was the man who bought and paid for the merchandise in question, William Burns. Defendant contends on appeal that no witness for the State testified that the person in the photograph marked People's exhibit No. 4 was a picture of the William Burns who was on trial. The defendant did include in his post-trial motion an allegation of error with regard to the use of the picture; however, that allegation of error had to do with defendant's repeated objection at trial to the use of but a single photograph for purposes of identification by the witnesses, the allegation in the post-

trial motion being that "the method of identification utilized by the prosecutor at trial was improper, leading and suggestive." Defendant does not pursue that allegation of error on appeal. At no time during trial or the hearing on his post-trial motion did defendant advance the objection he now advances for the first time on appeal. Since an objection to evidence based upon a specific ground is a waiver of objection on all grounds not specified (*People v. Washington* (1962), 23 Ill. 2d 546, 179 N.E.2d 635), by specifically objecting at trial to the use of only a single photograph as being unduly suggestive, the defendant waived any objection on all grounds not specified, including that now advanced here. Further, the general rule is that the failure of a defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue, and it cannot be urged as a ground for reversal on review. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Defendant having omitted the allegation of error from his post-trial motion, the issue is waived for review. Even if we were to consider the issue on the merits, the result would be no different in view of the testimony of the witnesses who testified with respect to the photograph. They gave verbal descriptions of defendant and detailed accounts of their dealings with him and plainly remembered him well.

Affirmed.

KARNS and KASSERMAN, JJ., concur.