THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PAUL E. JOHNSTON, Defendant-Appellant.

Fourth District   No. 4—87—0032

Opinion filed September 3, 1987.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Perry Lee Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On August 27, 1986, the defendant, Paul E. Johnston, was arrested for driving while license was suspended. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303.) The defendant entered a plea of not guilty and was released on a recognizance bond on August 29, 1986. The defendant appeared for pretrial on October 14, 1986, but failed to appear for all subsequent hearings. On November 26, 1986, following a jury trial *in absentia*, the defendant was convicted. On February 6, 1987, the defendant was sentenced *in absentia* to 30 days in jail and fined $250.

The defendant appeals his conviction and sentence and in support thereof maintains: (1) the trial court erred by conducting his trial *in absentia*; (2) trial *in absentia* was improper as he did not receive adequate notice of his trial date; (3) the State failed to establish his identity beyond a reasonable doubt; (4) the trial court erred in imposing a $250 fine; and (5) he should be given credit for his pretrial detention. We affirm in part and remand for resentencing.

On August 27, 1986, at approximately 9:40 p.m., police officer Christopher Stenger, of Mt. Zion, Illinois, stopped a car for having a burned-out taillight. Stenger asked the driver for his license. The driver produced a license which identified himself as Paul Johnston.

Stenger then proceeded to contact police headquarters requesting a status check. The radio dispatcher ran the license through the computer. According to the Secretary of State's information, Paul Johnston's license was suspended. Upon receipt of this information, Stenger placed the driver under arrest for driving while license was suspended. On August 28, 1986, the defendant entered a plea of not guilty. A public defender was appointed and the case was set for pretrial on October 14, 1986, with jury trial on October 20, 1986. On August 29, 1986, the defendant was released on a recognizance bond. The recognizance bond, signed by the defendant, contained a certificate acknowledging his understanding of the possibility of waiving his constitutional rights by failing to appear, thereby entitling the court to pro-

ceed to trial in his absence. The defendant was additionally informed of his duty to notify the clerk, within 24 hours, of any change of address.

On October 14, 1986, the defendant appeared for pretrial conference and the cause was reallotted for jury trial on November 17, 1986, with pretrial set for November 12, 1986. On November 12, 1986, the defendant failed to appear and bond was ordered forfeited. Notice of forfeiture of bond was sent to the defendant by certified mail, but was returned.

On November 20, 1986, the court, on its own motion, set the cause for jury trial *in absentia*. On November 26, 1986, the defendant again failed to appear. Over defense objection, the case proceeded to jury trial.

At trial, Stenger testified as to the circumstances preceding the defendant's arrest. Stenger described the driver of the vehicle as a "white male, about 5 foot 10 inches tall, about 150 pounds, blonde hair and glasses." Stenger then identified People's exhibit No. 1 as a photograph of Johnston, the driver of the car he stopped on the night in question. He further stated that the photograph was a fair and accurate depiction of that individual. The photograph was not admitted into evidence.

Additionally, the State introduced records from the office of the Secretary of State indicating defendant's license was revoked at the time of his arrest. The jury found the defendant guilty of driving a motor vehicle while his license was suspended. The court denied defendant's motion for a judgment notwithstanding the verdict and the defendant was subsequently sentenced to 30 days in jail and a $250 fine.

The defendant argues that Illinois law does not provide for trials *in absentia* when a party is charged with a misdemeanor. The defendant hinges his entire argument on section 115—4.1 of the Code of Criminal Procedure of 1963 (Code), which provides in pertinent part:

> "When a defendant after arrest and an initial court appearance for a *non-capital felony*, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a).)

Since the statute expressly permits only those who have been charged with a *noncapital felony* to be tried *in absentia*, the defendant maintains it was reversible error for the court to try him *in absentia* on a

misdemeanor charge.

■■ There is no dispute that section 115—4.1(a) does not allow for trial *in absentia* in misdemeanor cases. This does not, however, preclude the possibility of a trial *in absentia* on a misdemeanor charge where a defendant waives his constitutional right to be present. *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.

In *Hall*, the defendant pleaded guilty to misdemeanor battery and was sentenced to probation. Subsequently, the State filed a petition to revoke probation and upon defendant's failure to appear at the probation revocation proceedings, the court proceeded *in absentia*. The appellate court found the defendant, who had been properly admonished (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)) and voluntarily absented himself from court, waived his right to be present. *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.

■■■ While constitutional guarantees provide an accused with the absolute right to be present in court at every stage of trial, this right may be waived. (*People v. Owens* (1984), 102 Ill. 2d 145, 464 N.E.2d 252, *cert. denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 297, 105 S. Ct. 362.) To allow a defendant to stop trial proceedings by his voluntary absence would allow him to profit from his own wrong. (*People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404, *cert. denied* (1965), 382 U.S. 853, 15 L. Ed. 2d 92, 86 S. Ct. 104.) Consequently, when an accused voluntarily and willingly absents himself from court proceedings, he is deemed to have waived his right to be present, and cannot claim any advantage on account of his absence. (*People v. Owens* (1984), 102 Ill. 2d 145, 464 N.E.2d 252, *cert. denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 297, 105 S. Ct. 362.) The decision to proceed to trial *in absentia* is a discretionary matter within the power of the trial court. *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387; *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708.

■■ Upon entering a plea of not guilty, a defendant must be advised that a failure to appear in court when required will constitute a waiver of the right to confront witnesses and trial may proceed in his absence. (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).) Inherent in this admonition is the power of the court to conduct a trial *in absentia* on a misdemeanor charge. (See *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.) A defendant who is properly admonished that trial might proceed in his absence, has notice of his trial date, and voluntarily fails to appear offering no explanation for his absence may be tried *in absentia*. *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147; *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.

While Illinois law specifically provides for trial *in absentia* in all

"non-capital felony" cases (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a)), case law has long since provided for trial *in absentia* in misdemeanor cases. (*People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387; *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708, citing *City of Bloomington v. Heiland* (1873), 67 Ill. 278; see also *People v. Carroll* (1982), 109 Ill. App. 3d 1041, 441 N.E.2d 888 (trial *in absentia* on charge of reckless driving); *People v. Cooley* (1945), 326 Ill. App. 229, 61 N.E.2d 762 (trial *in absentia* on charge of keeping a gaming house); *People v. Beck* (1922), 305 Ill. 593, 137 N.E. 454 (trial *in absentia* for violation of prohibition); *Carter v. Illinois* (1905), 122 Ill. App. 77 (trial *in absentia* on charge of wife abandonment).) Thus, although the statute relied upon by the defendant explicitly applies to felony cases, authority exists in support of trial *in absentia* where misdemeanor charges are pending. *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.

■ The record herein indicates that on August 29, 1986, the defendant was released on a recognizance bond. The bond, signed by the defendant, acknowledged his constitutional rights and the possibility of waiver thereof. Defense counsel conceded that the defendant had been properly admonished per section 113—4(e) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)). Based upon the court's compliance with the statute, and defendant's voluntary absence, it was well within the court's discretionary power to proceed to trial *in absentia*.

■ Defendant's assertion of inadequate notice is also without merit. In order to establish a *prima facie* case of wilful avoidance, the State must show that a defendant is advised of the fact that his failure to appear may result in a trial *in absentia*, is advised of his trial date, and does not appear. (*People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147; *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105.) The State's burden will only be increased in those cases where the defendant introduces some evidence in support of a claim that he did not willingly absent himself. *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 441 N.E.2d 1214.

A defendant who has been released on bail pending trial has a duty to present himself when his case is called for trial. (*People v. Burns* (1983), 117 Ill. App. 3d 123, 453 N.E.2d 21.) Concurrent with the defendant's duty to appear is the obligation to keep the court informed of his whereabouts so as not to preclude the court from contacting him. (*People v. Burns* (1983), 117 Ill. App. 3d 123, 453 N.E.2d 21.) "[H]eroic efforts" to ascertain a defendant's whereabouts are not required of the State prior to conducting a trial *in absentia*. *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088, 441 N.E.2d 1214, 1217.

The defendant suggests that although section 115—4.1 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(a)) is only applicable to felony cases, the notice provision should be used as a guideline. This suggestion, however, is without merit as it has been established that section 115—4.1 is not controlling in misdemeanor cases. (*People v. Carroll* (1982), 109 Ill. App. 3d 1041, 441 N.E.2d 888.) Consequently, there was no need for the trial court herein to abide by the strict notice requirement of section 115—4.1.

Evidence indicated that the defendant was properly admonished regarding the court's right to conduct trial in his absence. The defendant appeared for pretrial, during which a new trial date was set. The defendant failed to appear thereafter. The defense attorney offered no excuse or explanation for the defendant's silence. The defendant was sent notice of forfeiture of bond, but notice was returned. Obviously, the defendant failed to keep the court apprised of his whereabouts. It is clear that after the court rescheduled the trial, the defendant was no longer aware of his trial date. It is no defense that the trial was not actually heard on the date that it was set when the defendant failed to appear at the pretrial hearing in order for the case to be heard at the date originally set. The defendant completely disregarded his duty and made no attempts whatsoever to contact the court or his attorney. It is this very type of wilful avoidance that trial *in absentia* was adopted to prevent. Trial *in absentia* was properly ordered where the defendant had notice of the initial trial date. There was no error.

At trial, Officer Stenger described the individual he arrested and then identified People's exhibit No. 1 as a photograph of the man. The defendant contends that because no one testified that People's exhibit No. 1 was a picture of the Paul Johnston who was on trial, the State failed to prove him guilty beyond a reasonable doubt.

■ Initially, the State asserts that the defendant has waived this issue by failing to object at trial and by failing to raise the issue in his post-trial motion.

It is a generally accepted rule that the defendant's failure to object to an issue during trial or to raise an issue in a written motion for a new trial constitutes a waiver of that issue. (*People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Exception to the waiver rule may be made by a reviewing court under the plain error doctrine enunciated in Supreme Court Rule 615(a). (107 Ill. 2d R. 615(a); *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Due to the defendant's assertion of violation of substantial rights in conjunction with the fact that he was tried *in absentia* we recognize plain error in this instance.

■ This court has recently addressed the quantum of proof necessary to show that a person being tried is the same person described by witnesses as having committed the offense. (*People v. Broyld* (1986), 146 Ill. App. 3d 693, 695, 497 N.E.2d 147, 149.) In *Broyld*, we noted that while the identity of a name gives rise to a rebuttable presumption of identity of person, this evidence, standing alone, is insufficient without corroboration. 146 Ill. App. 3d 693, 696, 497 N.E.2d 147, 149, citing *People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 368, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507.

Evidence sufficient to corroborate identity established by name includes: evidence that the offender was arrested and taken to the police station (*People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935); evidence that the offender had been interviewed by a police officer and had confessed (*People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105); or evidence of a verbal description of the accused which is corroborated by reference to a photograph (*People v. Burns* (1983), 117 Ill. App. 3d 123, 453 N.E.2d 21).

■ Evidence herein established that Officer Stenger arrested a man who identified himself by a photo driver's license as Paul E. Johnston. Stenger described the man arrested and then identified a photograph of the same man. The man arrested was then taken into police custody and subsequently spent two nights in jail. Based upon this evidence, the identity of the defendant was established beyond a reasonable doubt.

■ The final issues raised by the defendant concern the sentence imposed. The defendant maintains that his fine should be vacated since he was not present at the sentencing hearing and the trial court had insufficient facts regarding his financial status.

Section 5—9—1(d) of the Unified Code of Corrections provides:
"In determining the amount and method of payment of a fine, the court shall consider:
(1) the financial resources and future ability of the offender to pay the fine." Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1(d).

The Illinois Supreme Court has construed this provision as requiring the trial court record to show that the court considered the financial resources and future ability of the offender to pay before imposing a fine. (*People v. Maldonado* (1985), 109 Ill. 2d 319, 487 N.E.2d 610.) Such a consideration must necessarily include factors such as income, assets, employment, health, family obligations, and cash bail, if any, posted. See generally *People v. Maldonado* (1985), 109 Ill. 2d 319, 487 N.E.2d 610; *People v. Vega* (1986), 145 Ill. App. 3d 996, 496 N.E.2d 501; *People v. Echols* (1986), 146 Ill. App. 3d 965, 497 N.E.2d 321.

■■ The record indicates that the defendant's sentencing was conducted *in absentia*. A presentence report was not prepared. The court made no inquiry whatsoever with respect to the defendant's financial status. The defendant's affidavit of assets and liabilities filed with the court indicates the defendant was unemployed and had no source of income. The defendant was released upon a recognizance bond. There were insufficient facts available to the trial court to determine the issue of imposition of a fine and the amount. Consequently, we find it necessary to vacate the fine and remand the cause for the limited purpose of conducting a hearing to determine the defendant's ability to pay the fine and the amount thereof. See *People v. Morrison* (1983), 111 Ill. App. 3d 997, 444 N.E.2d 1144.

■■ Evidence indicated that the defendant was arrested on August 27, 1986, and released on a recognizance bond on August 29, 1986. The defendant seeks a $10 credit against the fine imposed for the two days he served in the county jail. The State agrees that the defendant is entitled to this credit.

Section 110—14 of the Code provides:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." Ill. Rev. Stat. 1985, ch. 38, par. 110—14.

Initially, it must be noted that a defendant's failure to apply for credit will not preclude application of this statute upon appeal where the record fails to indicate that the defendant was informed of his entitlement. *People v. Bratcher* (1986), 149 Ill. App. 3d 425, 500 N.E.2d 954.

This court, in *People v. Holzhauer* (1986), 144 Ill. App. 3d 153, 494 N.E.2d 272, held that while the statute clearly provides for credit, a defendant is not entitled to a credit of $5 per day against a fine imposed as well as credit in the form of a reduced sentence of imprisonment. Consequently, upon remand for resentencing, the defendant is entitled to a $10 credit against any fine imposed if he has not received credit for any jail sentence.

Affirmed in part, vacated in part, and remanded for resentencing.

LUND and KNECHT, JJ., concur.