THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES L. LESTER, Defendant-Appellant.

Fourth District   No. 4—87—0436

Opinion filed February 11, 1988.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant was tried and convicted *in absentia* of aggravated battery to a police officer in violation of section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(6)) and sentenced to 24 months in the penitentiary. On appeal defendant contends the trial court was without authority to try him *in absentia* because it failed to orally admonish him of that possibility under section 113—4(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)). We agree and reverse.

Section 113—4(e) provides:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).)

In this case, defendant appeared twice in court at arraignment and again at a preliminary hearing. The State concedes that at no time did the trial court ever orally admonish defendant of the possibility of trial *in absentia* as required by the statute. Nevertheless, the State maintains defendant had adequate notice of this possibility because the admonition was contained on printed bond slips which defendant was twice required to execute during the course of pretrial proceedings. Alternatively, the State argues, defendant's repeated failure to attend numerous pretrial hearings after receiving the bond slips which contained the warning served as a waiver of the right to oral admonishments.

In this case, the record demonstrates if defendant was aware of the possibility his trial could have been held *in absentia* it was only by virtue of the fact he executed two bond slips which contained the printed notice to that effect. The trial court, interpreting our prior decision in *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152, concluded this was "personal" notice within the meaning of that case. We disagree.

In *Watson*, on a theory of plain error, this court reversed and remanded a conviction arising from a trial *in absentia* principally because defendant failed to receive in-court oral admonishments from the trial judge. That view of our holding in *Watson* was reiterated by this court in the subsequent case of *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147, where we stated the principal error in *Watson* was deemed to arise from the failure of the court to admonish defendant personally and in court. The view that the admonishments are to be made orally by the trial judge has also been recognized in *People v. Burns* (1983), 117 Ill. App. 3d 123, 453 N.E.2d 21, which indicated the statute unambiguously provides the trial court shall advise a defendant in court of the possibility of trial *in absentia*.

■ While we note that only substantial compliance with section 113—4(e) is required to permit the trial of an absent defendant (*People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708; *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147), this court has also deemed compliance with the prescribed statutory procedure for providing notice of the trial setting by certified mail under the companion section 115—4.1 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1) to be mandatory. (*People v. Williams* (1987), 151 Ill. App. 3d 1010, 503 N.E.2d 1090.) Where, as here, the statute unambiguously requires oral admonishments, the complete failure to comply with this requirement is not sufficient compliance with the statute.

Relying upon *People v. Burns* (1983), 117 Ill. App. 3d 123, 453 N.E.2d 21, and *People v. Cortes* (1984), 123 Ill. App. 3d 816, 463 N.E.2d 885, the State, nevertheless, maintains defendant's complete absence from further proceedings after preliminary hearing acts as a waiver of the right to oral admonishments. The theory which supports this argument hinges on the fact the statute permits the trial court to admonish defendant at a date subsequent to arraignment. Under the rationale set forth in those cases, by failing to attend subsequent hearings the defendant makes it impossible for the trial court to orally admonish him and courts should not allow defendants to benefit from misconduct by manipulating a rule designed for their protection.

■■ The right to be present at trial is of constitutional dimension and can only be waived by a defendant himself. (*Snyder v. Massachusetts* (1934), 291 U.S. 97, 105-06, 78 L. Ed. 674, 678, 54 S. Ct. 330, 332.) A waiver of constitutional rights is normally not upheld in the absence of any indication defendant is aware of the rights he is forfeiting. In *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, for example, the Supreme Court enumerated the several Federal constitutional rights included in a waiver that takes

place when a guilty plea is entered in a State criminal proceeding. Among these are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. In *Boykin*, the Supreme Court pointedly stated, "We cannot presume a waiver of these three important Federal rights from a silent record." (395 U.S. at 243, 23 L. Ed. 2d at 279-80, 89 S. Ct. at 1712.) In response to *Boykin*, Supreme Court Rule 402 (107 Ill. 2d R. 402) was adopted to ensure the record affirmatively demonstrates a plea is voluntarily and understandingly entered. The rule, like the statute here, requires that the trial judge personally address defendant in open court informing him of and making sure he understands these rights. If a plea of guilty cannot stand without actual admonishment by the trial court it would be anomalous to permit a trial *in absentia* when the same defect exists. Because waiver assumes knowledge, a defendant who has not received notice of the possibility of trial *in absentia* cannot be deemed to have knowingly waived his right to be present at trial. For this reason we decline to follow the decisions in *Burns* and *Cortes*.

■ It is also of no moment the trial court complied with section 115—4.1(a) of the Code by directing that notice of trial be sent to defendant by certified mail following his repeated absence from pretrial proceedings. Although sections 113—4(e) and 115—4.1(a) complement each other they serve decidedly different purposes. The former provides the substantive basis upon which it may be established defendant is informed of and understands his rights while the latter provision sets forth the procedural framework by which a defendant is provided notice and one last opportunity to appear for trial and permits the State, in his subsequent absence, to sustain its burden of establishing the absence is wilful.

Although it may be inferred defendant's absence after receiving notice is wilful, the further inference that defendant is waiving his right to be present at trial is only valid if it can be shown he knew he had such a right or that the trial could be held without him prior to the time notice was given. We hold proof of compliance with section 115—4.1(a) alone is not sufficient to cure a defective admonition under section 113—4(e).

■ While we appreciate the frustration a trial court faces when dealing with wilfully absent defendants, the right of a defendant to be present at trial is substantial and courts have repeatedly stated trials *in absentia* should be abhorred because of their inherent unfairness to a defendant. (*People v. Zielinski* (1979), 77 Ill. App. 3d 157, 395 N.E.2d 1020.) It is for this reason we find it necessary to give strict

construction to the provision of the statute requiring oral admonishments.

For the foregoing reasons, the judgment of the circuit court of Woodford County is reversed and remanded for a new trial.

Reversed and remanded.

LUND and SPITZ, JJ., concur.