THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARSLEY M. SMITH, Defendant-Appellant.

Fourth District   No. 4—88—0881

Opinion filed September 28, 1989.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Robert S. O'Shea, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On September 23, 1988, defendant Earsley Smith, following a trial *in absentia*, was found guilty by a jury sitting in the circuit court of Champaign County of the offenses of aggravated battery and resisting a peace officer, in violation of sections 12—4(b)(6) and 31—1, respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 12—4(b)(6), 31—1). He was subsequently placed on probation for each offense. He now appeals.

On July 11, 1988, defendant was charged by information with two counts of aggravated battery and one count of resisting a police officer. The information alleged that upon his arrest for an unrelated matter, defendant struggled, attempted to pull away, and spit in the face of one officer. On that day, he was advised of the possibility of trial *in absentia*, pursuant to section 113—4 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 113—4). The trial was set for September 12, 1988, and defendant was released on bond.

On September 12, defendant appeared with his counsel, and the matter was reset for September 19. On September 19, the case was set for September 21. Defendant did not appear at this hearing. On September 21, the case was called for trial, and defendant failed to appear. The State moved for trial *in absentia*, and the court continued the matter to September 23 for a hearing on the motion.

At that hearing, defense counsel testified he spoke with defendant, who was residing in Chicago, by telephone on September 18, advising him there would be no trial on September 19, and he need not appear. Defendant was instructed to call counsel at noon on the 19th to learn about the new trial date. He did not do so. Counsel attempted to contact defendant many times after that, but was unsuccessful. The court granted the State's motion, and defendant was convicted.

■■ Defendant's first contention of error is that the State did not comply with all the proper procedures to try him *in absentia*. Section 115—4.1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1) provides that when a date for a trial *in absentia* is set, the clerk shall send defendant, by certified mail, notice of the trial date to his address indicated on his bond slip. We have held this provision to be mandatory. *People v. Williams* (1987), 151 Ill. App. 3d 1010, 1013, 503 N.E.2d 1090, 1092.

The State acknowledges this holding, but asks us to carve an exception where the defendant was present when the original trial date was set, and the defendant, by his conduct in failing to keep the court

or his counsel informed of his whereabouts, would not have received the certified mail. We must decline the proffered opportunity.

■ In reaching our decision in *Williams,* we stated:

"In concluding that the certified mailing procedure is mandatory, we are not unaware of the probable futility of the procedure in this case. All trial judges with a substantial criminal calendar have reason to be frustrated by the technical nature of this decision. The legislation establishing trials *in absentia* changed the rights of all those who fail to appear for trial. The specific provisions of the legislation were intended to protect the constitutional right to trial yet remedy a problem facing the criminal courts. We find it necessary to give strict construction to the provisions of the act." (*Williams,* 151 Ill. App. 3d at 1013, 503 N.E.2d at 1092.)

Recently, in a case involving the oral admonitions of section 113—4, we reaffirmed our position that the provisions involved in the trial *in absentia* sections must receive a strict construction. (See *People v. Lester* (1988), 165 Ill. App. 3d 1056, 1059-60, 519 N.E.2d 1127, 1130.) Accordingly, since notice of the September 23 trial date was not sent in accordance with section 115—4.1, we must reverse and remand defendant's conviction for aggravated battery.

■ However, there is no such deficiency with defendant's conviction for the misdemeanor of resisting a peace officer. Section 115—4.1 applies to only noncapital felony offenses. In *People v. Johnston* (1987), 160 Ill. App. 3d 536, 513 N.E.2d 528, we determined, after an analysis of case law, that this provision did not preclude trials *in absentia* for misdemeanor violations, as long as the defendant was previously admonished pursuant to section 113—4. We also concluded, since section 115—4.1 applied only to noncapital felony cases, that "there was no need for the trial court herein to abide by the strict notice requirement of section 115—4.1." *Johnston,* 160 Ill. App. 3d at 542, 513 N.E.2d at 532.

■ To establish a *prima facie* case of wilful avoidance of trial, the State must show that a defendant is advised of the fact that his failure to appear may result in a trial *in absentia,* is advised of his trial date, and does not appear. (*People v. Broyld* (1986), 146 Ill. App. 3d 693, 699, 497 N.E.2d 147, 151; *People v. Stanley* (1983), 116 Ill. App. 3d 532, 534-35, 452 N.E.2d 105, 107.) A defendant who has been released on bail pending trial has a duty to present himself when his case is called for trial. (*Johnston,* 160 Ill. App. 3d at 541, 513 N.E.2d at 532; *People v. Burns* (1983), 117 Ill. App. 3d 123, 128, 453 N.E.2d 21, 25.) Concurrent with the defendant's duty to appear is the obliga-

tion to keep the court informed of his whereabouts, so as to not preclude the court from contacting him. (*Burns*, 117 Ill. App. 3d at 128, 453 N.E.2d at 25.) Heroic efforts to ascertain a defendant's whereabouts are not required of the State prior to conducting a trial *in absentia*. *Johnston*, 160 Ill. App. 3d at 541, 513 N.E.2d at 532; *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088, 441 N.E.2d 1214, 1217.

In determining the trial *in absentia* was proper in *Johnston*, we stated:

> "Evidence indicated that the defendant was properly admonished regarding the court's right to conduct trial in his absence. The defendant appeared for pretrial, during which a new trial date was set. The defendant failed to appear thereafter. The defense attorney offered no excuse or explanation for the defendant's silence. The defendant was sent notice of forfeiture of bond, but notice was returned. Obviously, the defendant failed to keep the court apprised of his whereabouts. It is clear that after the court rescheduled the trial, the defendant was no longer aware of his trial date. It is no defense that the trial was not actually heard on the date that it was set when the defendant failed to appear at the pretrial hearing in order for the case to be heard at the date originally set. The defendant completely disregarded his duty and made no attempts whatsoever to contact the court or his attorney. It is this very type of wilful avoidance that trial *in absentia* was adopted to prevent. Trial *in absentia* was properly ordered where the defendant had notice of the initial trial date." *Johnston*, 160 Ill. App. 3d at 542, 513 N.E.2d at 532.

■ Similarly, in the case now before us, the evidence establishes that defendant was admonished concerning a trial *in absentia* and was advised of the September 19 trial date, at which he did not appear. While counsel's testimony explained defendant's absence at that hearing, it also established defendant was to call back and find out the new date, which he did not. Counsel also made, at least, 15 unsuccessful efforts to call defendant at different times during the days, and the telephone rang without being answered. We also note the clerk mailed defendant a notice of the hearing on the post-trial motion to the address listed on the bond form, and it was returned as undeliverable. It is apparent, as in *Johnston*, defendant did totally disregard his duty and made no effort to contact court or counsel, or to keep them informed of his whereabouts. The trial *in absentia* was proper.

Finally, defendant argues the court erred in refusing his jury in-

struction, which read:

> "The fact that the defendant did not appear at the trial should not be considered by you in any way in arriving at your verdict."

He believes the refusal to give this instruction is analogous to a refusal to instruct the jury that it must not consider a defendant's failure to testify.

■ Defendant cites no authority for this position other than the alleged similarity between a failure of a defendant to testify and a failure of a defendant to appear. However, the first is contained in a defendant's right to remain silent protected by the fifth amendment of the constitution. There is no constitutionally protected right to not appear at trial. Defendant's analogy must, therefore, fail.

Defendant insists that the failure to give the instruction violates, not the fifth amendment, but the fourteenth amendment due process clause because defendant will be convicted on his failure to appear and not on the evidence presented at trial. However, the jury was instructed that they should consider only the testimony of witnesses and exhibits in reaching their verdict. They were also instructed not to consider the fact defendant did not testify. These instructions sufficiently protected defendant against the possibility that the jury would convict him solely on his failure to appear.

■ Lastly, even if it were error to refuse the instruction, and we do not believe it was, this error was harmless. There was no reference made to defendant's absence at any time during closing arguments. Also, the evidence is overwhelming. Refusal to give a tendered instruction is harmless error where it can be said that the result of the trial would not be different if the instruction had been given. *People v. Moore* (1983), 95 Ill. 2d 404, 410, 447 N.E.2d 1327, 1330.

Affirmed in part; reversed in part and remanded.

KNECHT and SPITZ, JJ., concur.