THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD R. HALL, Defendant-Appellant.

Second District  No. 84—0513

Opinion filed July 15, 1985.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Andrea Becker, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STROUSE delivered the opinion of the court:

The defendant, Richard Hall, appeals from the revocation of his probation and imposition of a 364-day sentence of imprisonment for the offense of battery. His sole contention on appeal is that he was denied due process when the probation revocation hearing was held in his absence. We disagree.

On July 1, 1983, defendant was charged by information with the offense of aggravated battery in violation of section 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(a)). Defendant was arraigned on that date and, at arraignment, the judge advised defendant that he had a right to be present at every stage of the proceedings but that if he failed to appear the proceedings could

go forward and he could be tried and sentenced in his absence. Defendant stated that he understood that.

On September 1, 1983, defendant appeared before the trial court and presented a plea negotiation which reduced the charge of aggravated battery, a Class 3 felony (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(e)), to battery, a Class A misdemeanor (Ill. Rev. Stat. 1983, ch. 38, par. 12—3). Defendant pleaded guilty to the reduced charge of battery and was sentenced to one year's probation with conditions of a $300 fine, costs, and restitution.

On October 14, 1983, with the defendant and defense counsel present in court, the State filed a petition to revoke the defendant's probation. On November 4, defendant appeared in court, and his attorney entered a general denial of the petition and advised the court that they were engaging in plea negotiations with the State's Attorney. On December 23, 1983, the State filed an amended petition to revoke probation which alleged three grounds: (1) commission of the offense of theft on September 2, 1983, (2) commission of the offense of battery on September 5, 1983, and (3) commission of the offense of unlawful possession of cannabis on November 9, 1983.

Defendant and defense counsel were both present in court when the hearing on the petition to revoke was scheduled to take place, on January 12, 1984, and when it was continued, without objection, to February 9, 1984.

On February 9, at 1:30 p.m., the prosecution was ready to proceed and had a number of witnesses present. Defendant was not present, although his attorney said defendant would be there momentarily. At 2:15 p.m., the following colloquy took place:

"MS. WILSON [assistant State's Attorney]: Your Honor, the defendant has failed to appear at this time, and may the record reflect that it is now quarter after 2:00.

This matter having been set for 1:30, the People's motion is for warrant to issue.

THE COURT: Why don't I go ahead and hear the evidence in absentia.

MR. BOYD [defense counsel]: Judge,—

THE COURT: The defendant has already been admonished that if he fails to appear on any date, the proceedings can go forward and that if he is convicted the only thing that remains is for sentencing.

MS. WILSON: Judge, I am perfectly willing to do that. In fact, I prefer to do it that way, if your Honor is willing and has the time.

MR. BOYD: Obviously, I can't consent to this, and I would object to it.

I am not sure the defendant was ever admonished that he could be tried in absentia.

The Court is free to do whatever it desires.

THE COURT: On June 24, 1983, when the defendant was personally present before the Court for arraignment on the underlying charge, he was admonished of the possibility of trial in absentia.

I will pass it, and we will come back to it.

MR. BOYD: Fine."

After a short recess, the court, over defense counsel's objection, found that the matter would proceed *in absentia*, noting that the defendant had previously been admonished. The hearing on the petition to revoke probation commenced and at the close of the day was continued to February 14, 1984, at which time the hearing was concluded.

The prosecution called nine witnesses and proffered several exhibits to prove that defendant committed the following offenses: (1) a theft of $207 on September 2, 1983, (2) a battery on September 5, 1983, and (3) possession of cannabis on November 9, 1983. After hearing the evidence and oral arguments, the court found defendant guilty of violation of his probation, in particular, guilty of theft and possession of cannabis and not guilty of battery. Thereafter, defense counsel requested that defendant not be sentenced *in absentia* and that a presentence report update be made. The court found no need for an update report, noting that the underlying offense, battery, was a misdemeanor, and sentenced defendant to 364 days in the county jail and imposed a fine of $500, plus costs.

On March 16, 1984, defendant appeared in court, having been arrested on the warrant which was issued following the revocation of his probation. The court reminded defendant that he had previously been admonished that he could be tried in his absence and that, in fact, he had been tried and sentenced in his absence.

On March 30, 1984, defendant filed a motion for a new trial and to reconsider the sentence. A hearing on the motion was held on May 24, 1984, at which defense counsel argued that the court erred in conducting the hearings and sentencing defendant *in absentia*. Counsel argued that the statute providing for *in absentia* proceedings (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1) is not applicable to probation revocation hearings, that the State failed to affirmatively request that such a hearing occur, and that the State failed to prove that defend-

ant was wilfully avoiding trial. Neither the defendant, his counsel, nor the motion for a new trial or reconsideration of sentence made any statement about a meritorious defense in the proceedings. No attempt was made to explain the defendant's absence or account in any way for his failure to appear either on February 9 or February 14. Following the State's argument, the court denied defendant's motion, holding that under the facts presented the defendant was required to make an affirmative showing as to a meritorious defense or to explain why he was absent.

Defendant's sole contention on appeal is that he was denied due process when the probation revocation hearing was held in his absence. He submits: (1) the *in absentia* statute (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1) is not applicable to the present case, (2) the State failed to prove that defendant was wilfully avoiding the hearing, as required by section 115—4.1, and (3) section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4), regarding probation revocation hearings, provides only an arrest warrant to issue and makes no allowance for *ex parte* proceedings.

The State's position is that the trial court properly conducted the probation revocation hearing *in absentia* since defendant had been admonished pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 113—4(e)) and he was wilfully absent from the hearing.

■ It is undisputed that section 115—4.1 is inapplicable to the present case since that provision explicitly applies only to noncapital felonies and the defendant here was charged with misdemeanor offenses. (See *People v. Carroll* (1982), 109 Ill. App. 3d 1041, 1042.) Thus, compliance with the requirements of section 115—4.1 is unnecessary.

■ We also disagree with defendant's argument that the probation-revocation statute (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4) provides only for an arrest warrant to issue for a probationer who fails to appear. Defendant provides no case law in support of his position and the State does not respond to this particular assertion. The statute provides that "when a petition is filed charging a violation of a condition [of probation], the court may: *** (3) order a warrant for the offender's arrest *** when the offender fails to answer a summons or notice from the clerk of the court." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4.) There is no evidence here that defendant failed to answer a summons or notice from the clerk of the court. Rather, defendant appeared in court on November 4, 1983, and January 12, 1984, for scheduled hearings on the petition to revoke probation of

which the defendant had been advised. The matter was continued to February 9, at which time defendant failed to appear. Furthermore, the fact that the court may issue an arrest warrant for a defendant does not preclude it from holding a hearing *in absentia.*

The issue then becomes whether defendant voluntarily waived his right to be present by failing to appear at the probation revocation hearing.

■ It is well settled that a defendant may be tried in his absence when charged with a misdemeanor or violation of an ordinance. (*People v. Powell* (1981), 95 Ill. App. 3d 93, 95; *City of Bloomington v. Heiland* (1873), 67 Ill. 278, 280.) The decision to proceed *in absentia* is a matter within the discretion of the trial judge. *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088.

Section 113—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 113—4(e)) provides for the admonition to be given a defendant that trial could proceed in his absence. It states:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence."
> Ill. Rev. Stat. 1983, ch. 38, par. 113—4(e).

The record in the present case discloses that on July 1, 1983, at the arraignment for the offense of aggravated battery, defendant was admonished pursuant to section 113—4(e):

> "THE COURT: Mr. Hall, you have a right to be present at every stage of these proceedings against you.
>
> However, if you fail to appear these proceedings can go forward in your absence, and if that happens to be the trial of your case you can be tried in your absence.
>
> If you are convicted, the only thing remaining would be for the Court to sentence you, and if you failed to appear for your sentencing hearing, you could be sentenced in your absence and you couldn't later come back and complain that you had not had your day in court.
>
> Do you understand that, sir?
>
> DEFENDANT HALL: Yes, sir."

When defendant appeared in court on March 16, 1984, one month after the hearing and sentencing, he acknowledged that he remembered being admonished that he could be tried in his absence. The defendant knew of the date for his probation revocation hearing. Defendant was

present with his attorney in open court on November 18, 1983, when the hearing date was set for January 12, 1984. Defendant was also present with counsel on January 12, when the hearing was reset for February 9, 1984. On February 9, when defendant failed to appear for the probation revocation hearing, defense counsel explained to the court, "Judge, apparently he is a little late in arriving. I am sure he will be here momentarily." At the May 24, 1984, hearing on defendant's motion for a new trial, defense counsel agreed that defendant knew of the court date, the time and the place of the probation revocation hearing.

A voluntary absence from the trial by the defendant constitutes a waiver of his right to be present. (*E.g., People v. Powell* (1981), 95 Ill. App. 3d 93, 95; see *People v. Davis* (1968), 39 Ill. 2d 325, 329-30.) Although defendant here was absent from the probation revocation hearing rather than the trial itself, we conclude a defendant can waive his right to be present at such a hearing. (*Cf. People v. Collins* (1982), 109 Ill. App. 3d 1076, 1080 (notice to defendant that trial could be conducted in his absence was by its very nature notice that the entire trial, including the sentencing hearing, could be conducted in his absence).) A defendant at a probation revocation proceeding is afforded lesser due process protection than a defendant initially standing trial for the substantive offense. (See *People v. Allegri* (1984), 127 Ill. App. 3d 1041, 1045.) The constitutional protection due a probationer is not as strict as that due a nonconvicted person. (*People v. Allegri* (1984), 127 Ill. App. 3d 1041, 1045; see *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 781-82, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60; *Morrissey v. Brewer* (1972), 408 U.S. 471, 480-81, 33 L. Ed. 2d 484, 493-94, 92 S. Ct. 2593, 2599-2600.) The Supreme Court has held that "minimum requirements of due process" apply to a probation revocation hearing. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 36 L. Ed. 2d 656, 664, 93 S. Ct. 1756, 1761; see *People v. Beard* (1974), 59 Ill. 2d 220, 225; *People v. Hoyt* (1984), 129 Ill. App. 3d 331, 336-37.) Accordingly, defendant waived his right to be present at the probation revocation hearing if, in fact, his absence was voluntary.

In *People v. Joyner* (1982), 109 Ill. App. 3d 1083, defendant argued that the trial court erred in trying him *in absentia* where the State did nothing to ascertain his whereabouts or that he was avoiding trial. In upholding the trial court's decision to proceed *in absentia*, this court rejected that argument, noting that defendant had been admonished at arraignment that he might be tried *in absentia* if he failed to appear, that he was present when the case was set for trial, that his attorney had informed defendant of the trial date, and

that defendant's only excuse was that he "misunderstood the date." The court held defendant charged with knowledge of his trial date and, thus, wilfully absent. *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088.

■ In the present case, defendant has not gone so far as to claim that he "misunderstood the date." Rather, he did not provide any excuse or reason why he was absent from the hearing.

In sum, defendant was properly admonished at his arraignment, and he acknowledged after the probation revocation hearing that he remembered being admonished. He clearly knew the date of the hearing, yet he failed to appear in court at that time or at the continuance of the hearing. Moreover, he took no steps to advise either the court or his attorney as to any excuse for his absence either at the time of the hearing or when he finally appeared before the court in March 1984. Under these circumstances, we conclude defendant was voluntarily absent from the hearing and, accordingly, he waived his right to be present. See *People v. Powell* (1981), 95 Ill. App. 3d 93, 95.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.