THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. KLOVSTAD, Defendant-Appellant.

Second District   No. 2—86—1022

Opinion filed April 19, 1988.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Robert Klovstad, was sentenced to a one-year term of probation after entering a plea of guilty to the offense of driving while under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)). Defendant's probation was revoked on April 15, 1986, during an *in absentia* proceeding at which neither defendant nor his attorney was present. Defendant was sentenced to a 90-day term of imprisonment and appeals after the trial court denied his motion to vacate the order revoking his probation. We affirm.

In its petition to revoke defendant's probation, the State alleged that defendant violated the conditions of his probation by failing to appear at the probation department office in September, October, and November 1985, and by changing employment without the permission of the probation department. On March 25, 1986, the trial court held a status hearing on the petition. Defendant informed the court that his attorney, Roland Cassata, was on trial in another matter. The trial court advised defendant, also an attorney, that he could

represent himself if he so desired. After defendant indicated that he understood, the court set a hearing date on the petition for April 15, 1986, at 9 a.m. Defendant, having previously missed many court dates, was admonished by the court that the matter would be heard on the scheduled date whether defendant's attorney was present or not. The court further advised defendant that if defendant failed to appear, the hearing would take place in his absence. Defendant acknowledged that he understood both warnings.

On April 15, 1986, neither defendant nor his attorney appeared for the hearing. The court held the matter over and, after calling the case a second time and noting for the record defendant's previous admonition about a hearing *in absentia*, permitted the hearing to go forward in the absence of defendant and defendant's counsel. The State's sole witness was defendant's probation officer, Carmen Young. Young testified that she had reviewed the probation department file concerning defendant. Based upon the notes of defendant's previous probation officer, Dennis Gilmore, and conversations with Gilmore, Young testified that defendant failed to appear in the probation department offices in September, October, and November 1985 and was not excused from appearing during those months. Young further testified that defendant told her that he was working at a law office located at 7 South Dearborn Street in Chicago. However, when Young contacted the law office in October 1985, the receptionist informed her that defendant was no longer employed there. Defendant subsequently told Young that he was no longer working at that office. According to Young, defendant never sought permission from the probation department to change his employment. The trial judge found that defendant had violated the terms of his probation, revoked defendant's probation, sentenced him to 90 days' imprisonment, and issued a bench warrant for his arrest on April 15, 1986.

Defendant was arrested on October 6, 1986. On October 8, 1986, defendant, through his attorney, filed a motion to vacate the order revoking his probation and sought a new hearing on the petition to revoke. At the subsequent hearing on defendant's motion, defendant testified that he was unable to attend the April 15, 1986, hearing because he became ill with the flu the previous night and was vomiting on the morning of the hearing. Defendant testified that he contacted his attorney at approximately 7 or 8 a.m. and advised him that he was ill and could not make it to court. Defendant stated that he also attempted to reach his probation officer by telephone that morning, but she was not in her office. Defendant further stated that he attempted to call the court, but could not get through. Defendant then

fell asleep and realized when he awoke that his case had probably already been called.

Upon further questioning, defendant acknowledged an arrangement with his attorney providing that on certain occasions his attorney would not appear on his behalf because defendant was a practicing lawyer and was perfectly capable of representing himself for certain things. Defendant stated that the hearing on the "27th of March [presumed to be the March 25, 1986, status hearing]" was one of those occasions on which defendant planned to represent himself, but the court would not allow him to argue without his attorney and set the April 15, 1986, hearing. Defendant and his attorney then engaged in the following colloquy:

"Q. I advised you I would be on trial on April 15th, and you intended to appear yourself on that date; is that correct?

A. No.

Q. On April 15th—

A. No. No. That's not correct. You were going to be there, but you were going to be late.

Q. All right.

A. You were going to be here at 10:30, and you had another matter in court. You were coming in on the 15th, but you were going to be late. Unfortunately, I was ill."

However, contrary to defendant's testimony, defendant's motion stated:

"The Defendant's counsel, who had assisted him in the case previously, was engaged in a trial out of the county and could not be present. The Defendant anticipated representing himself for purposes of the Petition to Revoke because he was a licensed attorney in the State of Illinois, well-qualified to represent himself."

On cross-examination, defendant admitted that he did not see a doctor as a result of his illness. When asked why he did not contact the court sometime after the April 15, 1986, hearing date, defendant stated that he was ill for approximately one week. Defendant stated that in late April he received a letter from Carmen Young along with a copy of the revocation order sentencing him to 90 days' imprisonment. Defendant testified that he intended to file a petition to vacate the revocation order with the court, but delayed in doing so because he needed time to get his affairs in order, especially since he was a sole practitioner and was unable to cover his legal practice. Defendant acknowledged that he and his attorney agreed not to attempt to vacate the court's ruling until defendant put his affairs in order.

Defendant ignored the court until October 6, 1986, some 5½ months after the hearing, when he was arrested on the bench warrant. The trial court denied defendant's motion to vacate, and defendant brought this appeal.

Although defendant raises several allegations of error, we believe the narrow issue before this court is whether the trial court correctly proceeded with the April 15, 1986, hearing in the absence of defendant, *himself an attorney,* and *his counsel of record,* when both had *notice of the hearing* and where *defendant had been admonished that the hearing would proceed without them if either failed to appear.* Defendant contends that he is entitled to a new hearing because he was not represented by counsel and because the undisputed evidence establishes that he did not willfully absent himself from the hearing. We disagree.

■ We first address the propriety of the court proceeding in *defendant's* absence. In *People v. Hall* (1985), 134 Ill. App. 3d 836, 843, we held that probation revocation proceedings may take place *in absentia* if the defendant has been advised of the hearing date and admonished that the hearing will take place in his absence should he fail to appear. Underlying our decision in *Hall* was our conclusion that the defendant's voluntary absence constituted a waiver of his right to be present. (134 Ill. App. 3d at 842.) Thus, based on our decision in *Hall,* the hearing *in absentia* in the instant action was appropriate. The record indicates that defendant was clearly admonished of both the hearing date and the court's intention to proceed in his absence should he fail to appear. Defendant acknowledged the court's admonition and makes no argument on appeal that he was incapable of understanding it. Moreover, we cannot agree with defendant's assertion that the trial court erred by concluding that defendant's absence from the April 15, 1986, hearing was willful. Defendant's proffered excuse was an illness which, according to defendant, lasted approximately one week. Defendant admitted that he did not see a doctor for his illness. Moreover, although defendant stated that his attempts to contact the court on the date of hearing were unsuccessful, defendant made no further attempts to contact the court prior to his arrest some 5½ months later. The trial court was entitled to disbelieve defendant's explanation, and we cannot say that the trial court erred in concluding defendant willfully absented himself.

■ Nonetheless, defendant correctly states that although the defendant in *Hall* was not present at the probation revocation hearing, his counsel was present. (134 Ill. App. 3d at 838-39.) A defend-

ant's right to counsel at probation revocation proceedings is well established. (*Mempa v. Rhay* (1967), 389 U.S. 128, 137, 19 L. Ed. 2d 336, 342, 88 S. Ct. 254, 258.) In the instant action, defendant had retained private counsel. The trial court nonetheless proceeded with the probation revocation hearing in the absence of defendant's counsel of record based on its prior admonitions to defendant that it would do so if defendant's counsel failed to appear. The State does not provide us with any authority supporting the trial court's action in holding the probation revocation hearing *ex parte* notwithstanding the fact that defendant had an attorney of record. Rather, the State merely argues that because defendant was an attorney himself, he was aware of what an *ex parte* hearing meant. However, in our view, the issue is not whether defendant understood the court's admonition, but rather whether the court could properly hold such a hearing. Based on the record before us, we conclude that the trial court's action was proper.

Our supreme court's decision in *People v. Williams* (1982), 92 Ill. 2d 109, is instructive. Prior to the trial in *Williams*, the defendant, who had previously obtained 19 continuances and repeatedly discharged his counsel, was given admonitions identical to those given in the case at bar. (92 Ill. 2d at 114.) When the defendant appeared without counsel on the scheduled date for trial, the court forced him to proceed *pro se* and denied his motion for continuance to obtain counsel. (92 Ill. 2d at 114.) We reversed the defendant's subsequent conviction in *People v. Williams* (1981), 96 Ill. App. 3d 519, on the basis that the defendant's right to counsel had been violated since he had not waived that right. However, the supreme court vacated our opinion. (*Williams*, 92 Ill. 2d at 120.) The supreme court determined that it was reasonable to conclude that the defendant's conduct was calculated as a means to delay the trial. (92 Ill. 2d at 116.) The court further held that the defendant had waived his right to counsel based on the fact that he was financially able to engage private counsel, failed to engage counsel despite being instructed to do so, and did not show reasonable grounds why he was unable to secure representation. 92 Ill. 2d at 118-19.

In the case at bar, defendant was himself an attorney who by his own admissions was capable of representing himself. Defendant acknowledged that he retained Cassata as his attorney and that Cassata represented him from the inception of the proceedings leading to this appeal. Defendant further acknowledged that he and Cassata acted in concert in conducting his defense and that defendant assisted in his own representation as a licensed attorney. The record in-

dicates that defendant *intended* to represent himself in defense of the petition to revoke his probation. Defendant testified that he appeared for the March status hearing "prepared to argue the facts," but was not permitted to argue because Cassata was not present. The record does not support defendant's statement that *the court would not permit him to argue*; however, defendant's assertion that he *intended* to represent himself on the petition to revoke is corroborated by his motion to vacate wherein he states that he "anticipated representing himself for purposes of the Petition to Revoke because he was a licensed attorney in the State of Illinois, well-qualified to represent himself." Defendant was admonished that his or his counsel's failure to appear at the April 15, 1986, hearing would result in the hearing proceeding without them. Pursuant to *Williams*, we consider defendant and his counsel's failure to appear after being admonished of the consequences of that failure and absent a reasonable excuse explaining that failure to constitute a waiver of counsel. See 92 Ill. 2d at 118.

In so holding, we note that as a result of defendant's conduct, the trial court was compelled to proceed *ex parte*. While we believe that such a measure should be avoided whenever possible, we agree with our supreme court's statement that "[j]udicial patience need not be infinite." (92 Ill. 2d at 116.) Moreover, we note that criminal proceedings *ex parte* are not unheard of. (See *People v. Reisinger* (1982), 106 Ill. App. 3d 148, 153.) In *Reisinger*, the court affirmed the defendant's conviction following a trial *in absentia* and *without counsel*. (106 Ill. App. 3d at 151.) Prior to the trial in that case, the defendant waived his right to be present, discharged his counsel, and rejected the court's attempt to appoint him standby counsel. (106 Ill. App. 3d at 151.) Similarly, in the instant action, the trial court determined and we agree that defendant voluntarily absented himself. Defendant's conduct came after being admonished that his or his counsel's failure to appear would result in a proceeding *ex parte*. Thus, based on the facts presented in this case, and the *Williams* and *Reisinger* decisions, we conclude that defendant's failure to appear or have counsel present at the probation revocation hearing after being admonished of the consequences of such a failure constitutes a waiver of counsel and justifies the court's proceeding *ex parte*. Defendant does not raise and we do not consider any issue regarding his ability to understand the consequences of waiving counsel. Furthermore, we find an adequate basis in the record for the trial court's decision and, therefore, need not consider defendant's remaining allegations challenging the quality of evidence presented at

the hearing *ex parte* and the State's burden of proof..

Accordingly, the decision of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and HOPF, JJ., concur.