THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILL A. LIMING, Defendant-Appellant.

Fourth District No. 4—88—0912

Opinion filed June 1, 1989.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and LeRoy Walter Lemke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant was sentenced to a term of 12 months' probation following his guilty plea to theft under $300 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1). A petition was later filed to revoke defendant's probation. Defendant did not appear at the hearing on the petition because he was in the custody of the Department of Corrections on an unrelated matter. The circuit court of Woodford County proceeded with the hearing in defendant's absence and found the allegations in the petition proved. Defendant was sentenced to a further 12 months' probation, 65 days in the county jail, and he was ordered to pay restitution and court costs. Defendant appeals. We reverse.

The sole question on appeal is whether the probation revocation hearing held *in absentia* was proper when defendant did not appear because he was incarcerated. We conclude that incarceration is not sufficient to prove defendant's absence was wilful, and defendant's probation revocation hearing was conducted in error.

 It is clear that section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1) is inapplicable because the offense involved in the instant case is a misdemeanor. Section 115—4.1 applies to felony cases and not to misdemeanor offenses. (*People v. Hall* (1985), 134 Ill. App. 3d 836, 840, 480 N.E.2d 1387, 1390.) Nevertheless, it is equally clear that a defendant may be tried in his absence when charged with a misdemeanor or violation of an ordinance. (*Hall*, 134 Ill. App. 3d at 841, 480 N.E.2d at 1390; see also *People v. Johnston* (1987), 160 Ill. App. 3d 536, 540-41, 513 N.E.2d 528, 530.) If a defendant voluntarily absents himself from a probation revocation hearing, he has waived his right to be present, and the court is not in error for proceeding *in absentia*. (*Hall*, 134 Ill. App. 3d at 841-42, 480 N.E.2d at 1390-91.) The focus in such a case "becomes whether defendant voluntarily waived his right to be present by failing to appear at the probation revocation hearing." (*Hall*, 134 Ill. App. 3d at 841, 480 N.E.2d at 1390.) We hold, as a matter of law, that a defendant who is incarcerated is not voluntarily absent from his court proceeding and has not waived his right to appear. The circuit court abused its discretion in proceeding with the probation revocation hearing in defendant's absence.

For the reasons stated above, we reverse the order of the circuit

court of Woodford County and remand the cause for a new probation revocation hearing.

Reversed and remanded.

McCULLOUGH, P.J., and SPITZ, J., concur.