THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE B. STEWART, Defendant-Appellant.

Fourth District   No. 4—90—0188

Opinion filed October 4, 1990.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

After pleading guilty to the offense of unlawful possession of less than 15 grams of a substance containing heroin (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)), defendant Willie B. Stewart was sentenced by the circuit court of Macon County to a term of 18 months' probation conditioned on his successful completion of a drug-treatment program. Because defendant failed to successfully complete the drug-treatment program, a petition to revoke his probation was filed.

The cause was called for a status hearing on January 29, 1990. Defendant was present at that hearing, in person and by counsel, and was admonished that if he failed to appear at the hearing on the petition to revoke probation, set for February 2, 1990, a hearing would be conducted in defendant's absence. Nevertheless, defendant failed to appear at the probation revocation hearing.

At the hearing, defense counsel advised the court that counsel had seen and talked to defendant that morning, in the courthouse, he had indicated to defendant "where we were today and what I thought was going to happen," and he was unaware of the reason for defendant's absence. In addition, Ed Root, an officer of the Decatur police department, testified he observed defendant in the courtroom at 8:25 a.m. and had a conversation with him. In defendant's absence, the hearing was conducted and defendant's probation was revoked.

A sentencing hearing was then scheduled for February 15, 1990. Notice of the date, time, and place of the sentencing hearing was sent by the Macon County circuit clerk's office to defendant's last known address. However, the notice was returned unclaimed. On February 15, 1990, a sentencing hearing was conducted. Again defendant did not appear. As a result of the sentencing hearing, defendant was sentenced to a term of imprisonment of two years.

In this appeal, defendant contends the revocation of his probation should be reversed because he was not provided notice by certified mail of the probation revocation proceeding as is required by section 115—4.1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1.) We disagree.

Defendant recognizes that section 115—4.1 applies only when a

noncapital felony is involved, and not in cases involving misdemeanors. (*People v. Smith* (1989), 189 Ill. App. 3d 80, 544 N.E.2d 1162; *People v. Johnston* (1987), 160 Ill. App. 3d 536, 513 N.E.2d 528, *appeal denied* (1987), 117 Ill. 2d 549, 517 N.E.2d 1091.) The instant offense is a felony. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c).) Defendant further acknowledges that several recent cases have held section 115—4.1 inapplicable to the probation revocation proceeding which were the subjects of those appeals (*People v. Liming* (1989), 183 Ill. App. 3d 960, 539 N.E.2d 871; *People v. Klovstad* (1988), 168 Ill. App. 3d 444, 522 N.E.2d 803; *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387), but contends the reason the section did not apply in those cases was that the underlying offenses were misdemeanors. Contrary to defendant's assertions, however, the reviewing court in *Klovstad* did not rely on whether the underlying offense was or was not a misdemeanor and, instead, relied on the following rationale:

"We first address the propriety of the court proceeding in *defendant's* absence. In *People v. Hall* (1985), 134 Ill. App. 3d 836, 843, we held that probation revocation proceedings may take place *in absentia* if the defendant has been advised of the hearing date and admonished that the hearing will take place in his absence should he fail to appear. Underlying our decision in *Hall* was our conclusion that the defendant's voluntary absence constituted a waiver of his right to be present. (134 Ill. App. 3d at 842.) Thus, based on our decision in *Hall*, the hearing *in absentia* in the instant action was appropriate. The record indicates that defendant was clearly admonished of both the hearing date and the court's intention to proceed in his absence should he fail to appear." (Emphasis in original.) *Klovstad*, 168 Ill. App. 3d at 448, 522 N.E.2d at 806.

■ A similar result in this case is supported by the language of the statute. Section 115—4.1(a) states, in relevant part:

"The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial." (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1(a).)

Therefore, this court need not decide whether section 115—4.1 applies

to the case at bar because, even assuming it does apply, compliance has been had with the statutory provision.

■ Defendant was personally present, in open court, when the probation revocation hearing was set. Therefore, the certified mail notice is not required. No error has occurred.

Accordingly, the orders of the circuit court of Macon County, revoking defendant's probation and sentencing defendant to two years' imprisonment, are affirmed.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.