THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN D. HILL, Defendant-Appellant.

Second District   No. 2—89—0407

Opinion filed February 13, 1991.

G. Joseph Weller, Kathleen J. Hamill, and Manuel S. Serritos, all of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Steven D. Hill, was convicted of obstructing a peace officer, resisting arrest and aggravated assault. (Ill. Rev. Stat. 1989, ch. 38, pars. 31—1, 12—2(a)(6).) The trial court proceeded with the trial in the absence of the defendant and his attorney. Defendant was sentenced to three 364-day terms of imprisonment to run concurrently. Defendant contends he was denied his right to counsel. We agree, and we reverse.

On November 29, 1988, the defendant pleaded not guilty, and the Du Page County public defender was appointed to represent him. At that time, the trial court duly advised the defendant that if he failed to appear on the date of trial, trial would proceed in his absence.

The defendant failed to appear on the day of trial. The assistant public defender advised the court that the defendant had failed to at-

tend an interview scheduled with the public defender's office and that as a result he objected to the trial being held that day. The public defender stated that he would not be prepared to handle the case. The trial judge then dismissed the public defender *sua sponte* and proceeded with the trial *ex parte*.

The court and the prosecution conducted *voir dire*. The prosecution gave its opening statement and called two witnesses: Officers Anthony Mineo and Randall Logan. The jury was duly instructed, but during deliberation sent the court a note stating:

"Why was there no defense attorney or a chance for the jury to cross-examine the police?"

The court responded with a note stating:

"You've been instructed as to the law and no further instructions will be given."

Following deliberation, the jury returned guilty verdicts on all three counts. The court entered judgment on the verdicts and sentenced the defendant. Defendant appeals. The State confesses error.

■ It is well settled that a defendant may be tried *in absentia* when charged with a misdemeanor or violation of an ordinance. (*People v. Hall* (1985), 134 Ill. App. 3d 836, 841.) The decision to proceed in the defendant's absence is within the sound discretion of the trial judge. (*People v. Hall*, 134 Ill. App. 3d at 841; *People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088.) In effect, by voluntarily absenting himself from the courtroom, a defendant is deemed to have waived his right to be present throughout the trial, a right which is guaranteed to him by the confrontation clause of the sixth amendment to the United States Constitution. *People v. Owens* (1984), 102 Ill. 2d 145, 157.

■ Before a trial judge may proceed *in absentia*, section 113—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 113—4(e)) requires an admonition be given to the defendant that trial could proceed in his absence. The record in the present case discloses that on November 29, 1988, during the proceeding in which the defendant pleaded not guilty, the judge admonished the defendant pursuant to section 113—4(e). In addition, the record discloses that the defendant had missed previous court dates. Accordingly, we hold the trial court acted within its discretion in deciding to proceed to trial *in absentia*.

■ ■ However, the trial court's decision to dismiss the defendant's attorney *sua sponte* and proceed to trial in the absence of the defendant must clearly be reversed, and defendant must receive a new trial. In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 32 L.

Ed. 2d 530, 538, 92 S. Ct. 2006, 2012, the United States Supreme Court held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at *trial*. (See also *People v. Morrissey* (1972), 52 Ill. 2d 418, 420.) This constitutional right to counsel must be waived by the defendant. The voluntary absence of the defendant and the dismissal *sua sponte* of his appointed counsel in this case do not constitute a knowing and intelligent waiver. While we understand the trial court's frustration with the defendant's behavior in the present case, we cannot sanction such a grievous error.

■ A defendant's right to counsel may be waived, but only after the defendant has been so admonished under Supreme Court Rule 401(a). (134 Ill. 2d 401(a).) The rule provides that any waiver of counsel shall take place in open court and that no waiver will be permitted unless the court admonishes the defendant personally in open court of the nature of the charge, minimum and maximum sentence prescribed by law, and that he has a right to counsel.

Our supreme court has held the right to counsel may be waived through the defendant's conduct once he has been admonished of this right. (*People v. Williams* (1982), 92 Ill. 2d 109.) In that case, the defendant received admonitions by the court of his right to counsel. Defendant, who was financially able to retain counsel, yet repeatedly failed to have counsel present at his court appearances, had been instructed to retain counsel within a certain and reasonable time. Defendant appeared on that date without counsel. In addition, he did not show reasonable cause for why he had failed to retain counsel. At that time, the court informed the defendant of his trial date and admonished him that if he failed to appear in a timely manner on the date of trial, the court would proceed, whether he or his attorney was present. Only the defendant appeared on the date of trial. The trial court refused to grant another continuance and proceeded to trial. The supreme court upheld the trial court's action, stating the defendant had waived his right to counsel at trial through his conduct. *People v. Williams*, 92 Ill. 2d 109.

This case is clearly distinguishable. It is well established that waiver of counsel should be carefully scrutinized. (*People v. Heral* (1976), 62 Ill. 2d 329, 336.) In the present case, the court dismissed the defendant's attorney on its own motion and proceeded with the trial *ex parte*. We agree with the supreme court that judicial patience need not be infinite. (*People v. Williams*, 92 Ill. 2d at 116.) However, under the circumstances, proceeding to trial *ex parte* in a criminal

proceeding at which the defendant may be sentenced to imprisonment without assistance of an attorney for defendant was clearly in error.

Although the defendant failed to appear at a scheduled meeting with the public defender's office to meet with his attorney before trial, this conduct was not sufficient to constitute a waiver of his right to counsel. Unlike *Williams*, this was not a situation in which the defendant had repeatedly failed to meet with counsel or counsel repeatedly failed to appear in court. In addition, the defendant had not been admonished of the risk of waiver of the right to counsel if he failed to appear. In *Williams*, the defendant was specifically admonished that trial would proceed with or without his presence or the presence of his attorney.

Similarly, the defendant in *People v. Klovstad* (1988), 168 Ill. App. 3d 444, had been admonished of the risk of his failure to appear. In that case we affirmed a trial court's decision to proceed with a probation revocation hearing *in absentia* and without counsel. However, *Klovstad* dealt with a probation revocation hearing, not a trial. The United States Supreme Court has held that only "minimal due process" is necessary in probation revocation hearings (*Morrissey v. Brewer* (1972), 408 U.S. 471, 485, 33 L. Ed. 2d 484, 496, 92 S. Ct. 2593, 2601-02), as opposed to the strict due process protections afforded defendants at trial in situations where they may be imprisoned (*Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006).

The circumstances surrounding our holding in *Klovstad* were unique. The defendant in *Klovstad* was an attorney himself and the record indicated that although he had retained counsel, he intended to represent himself at the probation revocation hearing. (*Klovstad*, 168 Ill. App. 3d at 447.) We ruled that after being admonished of the consequences of his failure to appear and absent a reasonable excuse for that failure, defendant's failure to appear constituted waiver of counsel. *Klovstad*, 168 Ill. App. 3d at 450.

Under the circumstances, we conclude that, while the defendant had waived his right to be present at his trial, his conduct did not constitute a waiver of his right to counsel.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and GEIGER, JJ., concur.