THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID A. WILLIAMS, Defendant-Appellant.

Third District   No. 3—91—0535

Opinion filed May 29, 1992.

Sherri Carr, of Kankakee, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet, and Raymond L. Beck, of Chicago (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, David A. Williams, appeals the revocation of his probation. We reverse.

The record shows that the defendant entered into a negotiated agreement with the State wherein in exchange for his plea of guilty to unlawful possession of a controlled substance he was placed on probation. Pursuant to the terms of his probation, the defendant was to pay court costs and a $25 street value fine, obtain a drug evaluation, and comply with the terms of that evaluation.

On a status date in October of 1990, the defendant produced evidence showing that he had paid his fine and court costs. He also presented evidence establishing that he had submitted to a drug evaluation at Silver Cross Hospital. Due to a positive drug test, Silver Cross had set up an extensive treatment program. The defendant contested the positive drug test finding, arguing that he had not used any drugs and that the test result was "incorrect."

In December of 1990, the defendant asked the court for additional time to secure another facility to conduct a drug screening. The court granted the defendant's request and told him that he had better be in compliance by March of 1991 or the court would send him to prison. At the conclusion of the hearing, the court told the State to file a petition to revoke the defendant's probation.

Thereafter, on March 21, 1991, a "hearing" was held on the matter. At the onset of the "hearing," the court informed the defendant that the burden was on him to present evidence showing that he was in compliance with the terms of his probation. The defendant presented a report from the St. Joseph Medical Center showing that he had completed six weeks of classes in that facility. The report also showed that the defendant had continually submitted to random drug

tests and that each test result was negative. Finally, the report indicated that the defendant had failed to comply with some of the terms of his treatment program.

Defense counsel indicated that he tried to contact the counselor in charge of the defendant's treatment program to question him about the defendant's situation. However, he was unable to reach him for any comments or a status report. Defense counsel also indicated to the court that the State had told the defendant it would withdraw the petition and just have the defendant undergo random drug tests through the probation department.

Other evidence from this "hearing" showed that counsel for the State did not present any evidence or even speak during the entire matter. The trial court found the defendant was not in compliance with the terms of his probation and, as such, revoked his probation. The court thereafter sentenced the defendant to two years' imprisonment.

On appeal, the defendant first argues that the trial court erred in revoking his probation. Specifically, he contends that the court failed to give him an adequate hearing on the matter and that it improperly shifted the burden of proof. He also notes that he was not given specific information as to which terms of his probation he failed to meet.

■ A defendant is entitled to a probation revocation hearing. At such a hearing, the State has the burden of going forward with the evidence and proving the violation by a preponderance of the evidence. (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745.) The defendant is entitled to written notice of the alleged violation, to disclosure of the evidence against him, to be heard in person and to present testimonial and documentary evidence, to confront and cross-examine adverse witnesses, to be judged by a neutral and detached hearing body, and to receive a written statement by the fact finder stating the evidence relied on and the reason for revocation. *People v. Hoyt* (1984), 129 Ill. App. 3d 331, 472 N.E.2d 568.

In the case at hand, the State argues that the defendant received a proper hearing or at least received the "equivalent thereof." We disagree.

■ Here, the court did not require the State to prove its case by a preponderance of the evidence. In fact, it did not even require the State to present any evidence. Instead, it told the defendant that it was up to him to prove he was in compliance. We find that this was erroneous, since by doing this the court improperly shifted the burden of proof to the defendant.

Additional error occurred when the State failed to file sufficient notification of the defendant's alleged violations. The probation revocation petition stated only that the defendant had failed to comply with the recommendations of the ordered drug evaluation. However, evidence was presented showing that the defendant was in compliance with a number of the terms of his treatment. As such, the State should have set forth what terms of his treatment the defendant failed to meet. This is especially true in this case since it appears that the State considered the defendant to be in compliance as long as he continued to have negative results from his drug tests.

Based on the foregoing, we find that the trial court failed to provide the defendant with an adequate hearing. We note that our disposition of this issue renders moot the defendant's remaining issue.

The judgment of the circuit court of Will County is reversed.

Reversed.

McCUSKEY and SLATER, JJ., concur.