THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE SHERROD, Defendant-Appellant.

Third District   No. 3—94—0125

Opinion filed April 26, 1996.

384

McCUSKEY, J., specially concurring, joined by SLATER, J.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Tyrone Sherrod, was convicted of unlawful possession of a controlled substance. Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402(b). He was sentenced to 24 months' probation. The State later filed a petition to revoke probation. After a hearing *in absentia*, the

trial court granted the State's petition and sentenced the defendant to 30 days' conditional discharge and fined him $573.90. His sole contention on appeal is that he was denied due process when the probation revocation hearing was held in his absence. We disagree.

After the defendant was arrested for unlawful possession, he signed a certificate of admonition for trial *in absentia* (admonition certificate). The admonition certificate, in part, states as follows:

> "The defendant is hereby advised that if any time prior to the final disposition of the charge, the defendant escapes from custody or is released on bond and fails to appear in Court when required by the Court, the defendant's failure to appear would constitute a waiver of the defendant's right to confront witnesses against the defendant and trial could proceed in the defendant's absence."

This admonishment substantially complied with section 113—4(e) of the Code of Criminal Procedure of 1963. See Ill. Rev. Stat. 1991, ch. 38, par. 113—4(e).

On December 17, 1992, the defendant pled guilty to the charge. As part of the negotiated plea, he was sentenced to 24 months' probation under the first-offender statute of the Controlled Substances Act. Ill. Rev. Stat. 1991, ch. 56½, par. 1410. The statute states that upon successful completion of such a probation order, a defendant's charge will be dismissed and no conviction will be entered on the record. See Ill. Rev. Stat. 1991, ch. 56½, par. 1410(f). However, if the probationer violates a term or condition of probation, the court may enter a judgment on its original finding of guilt and proceed as otherwise provided. Ill. Rev. Stat. 1991, ch. 56½, par. 1410(e).

On March 22, 1993, the State filed a petition to revoke the defendant's probation. In its petition, the State argued, *inter alia*, that the defendant failed to comply with the condition of probation that he receive a drug evaluation. On September 24, 1993, the defendant appeared in court and was granted a continuance on the hearing on the State's petition until October 15, 1993. On that date, the defendant did not appear in court.

At that time, the State requested that the hearing on the revocation petition be held *in absentia*. Defense counsel objected on the grounds that the defendant's signed admonition certificate did not give the defendant's consent to proceed on a revocation petition in his absence. The trial court then overruled defense counsel's objection and allowed the hearing to be conducted *in absentia*. At the hearing, defense counsel presented no evidence. The State then asked the court to take judicial notice that the file in this case did not contain a drug evaluation as required by the defendant's probation order.

The trial court revoked the defendant's probation and issued a warrant for his arrest. On November 2, 1993, the defendant appeared in court and asked the court to quash his arrest warrant. According to defense counsel, the defendant had indicated to her that he did not appear in court on October 15, 1993, because he was sick. The defendant also noted that he had not been able to get a drug evaluation for the past year because he had no income, although he was currently working. The trial court granted the defendant's request to quash arrest and set the matter for sentencing.

On November 19, 1993, the defendant filed a motion for a new hearing on the petition to revoke probation. In his motion, the defendant alleged that the court erred in allowing the State to proceed on the petition in the defendant's absence since the defendant was never admonished about that possibility.

On January 13, 1994, a hearing was held on the defendant's motion and on sentencing. The trial court determined that the admonition certificate signed by the defendant before he pled guilty remained in effect throughout his term of probation and was sufficient notice to the defendant that the State could proceed on its petition in his absence. The court then sentenced the defendant to 30 days' conditional discharge and fined him $573.90.

On appeal, the defendant argues that the trial court improperly conducted the revocation hearing in his absence. Specifically, he contends that under Illinois law, when a defendant is convicted of a felony, due process demands that the trial court specifically admonish a defendant that a hearing on the petition to revoke probation can be held in his absence.

To support this contention, the defendant cites two cases where the appellate court affirmed a defendant's *in absentia* revocation hearing on a felony charge after the trial court had specifically admonished the defendant that a revocation hearing could be conducted *in absentia*. See *People v. Klovstad*, 168 Ill. App. 3d 444, 522 N.E.2d 803 (1988); *People v. Stewart*, 203 Ill. App. 3d 658, 561 N.E.2d 453 (1990). The defendant further urges this court not to follow *People v. Hall*, 134 Ill. App. 3d 836, 480 N.E.2d 1387 (1985). In *Hall*, the appellate court affirmed the defendant's *in absentia* probation revocation hearing after the defendant had been admonished pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 at his arraignment. The defendant argues that *Hall* is distinguishable from the instant case because *Hall* involved a misdemeanor whereas this case involves a felony. The defendant asserts that persons charged with a felony are afforded more due process protection than those charged with a misdemeanor and therefore he was

entitled to a specific warning that a probation revocation hearing could be held in his absence. See Ill. Rev. Stat. 1991, ch. 38, par. 115—4.1 (setting forth procedures for *in absentia* trials of alleged felons).

In response, the State argues that due process does not demand that a probationer be admonished that a hearing on a petition to revoke probation will be conducted in his absence. In the alternative, it contends that if due process does require such notice, then the admonition certificate in the instant case is a sufficient warning to the defendant.

■ Section 113—4(e) of the Code of Criminal Procedure of 1963 states that the court shall admonish a defendant that it could proceed to trial in his absence if he fails to voluntarily appear. See Ill. Rev. Stat. 1991, ch. 38, par. 113—4(e). The decision to proceed *in absentia* is a matter within the discretion of the trial court. *People v. Joyner*, 109 Ill. App. 3d 1083, 441 N.E.2d 1214 (1982).

■ A defendant at a probation revocation proceeding is afforded lesser due process protection than a defendant initially standing trial for the substantive offense. *People v. Allegri*, 127 Ill. App. 3d 1041, 469 N.E.2d 1126 (1984). The Supreme Court has held that only "minimum requirements of due process" apply to a probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973).

■ Here, we disagree with the State's initial contention that due process does not require that a probationer be warned that a hearing on a petition to revoke probation will be conducted *in absentia* if the defendant is voluntarily absent from the hearing. We believe that even minimal due process protection encompasses the right of a defendant to be admonished under those circumstances. See *People v. Williams*, 229 Ill. App. 3d 677, 593 N.E.2d 1111 (1992).

However, we find that the admonition certificate signed by the defendant was sufficient notice and that his due process rights were not violated. We initially note that *Klovstad* and *Stewart* did not require an *in absentia* admonishment specifically directed toward revocation of probation proceedings before a hearing *in absentia* could take place. Although the facts in both cases indicate that specific admonishments were given, those cases did not hold that such admonishments were mandatory. In fact, both *Klovstad* and *Stewart* cited *People v. Hall*, 134 Ill. App. 3d 836, 480 N.E.2d 1387 (1985). In *Hall*, the court held that a defendant's due process rights are not violated by holding a probation revocation proceeding *in absentia*, as long as he had been admonished pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 and had been given notice of the hearing date.

We also disagree with the defendant's contention that *Hall* is distinguishable from this case because *Hall* involved a misdemeanor. As noted, a defendant at a revocation proceeding is afforded lesser due process protection than a defendant initially standing trial for the substantive offense. *People v. Allegri*, 127 Ill. App. 3d 1041, 469 N.E.2d 1126 (1984). Here, the admonishment given informed the defendant that before the "final disposition" of his charge, trial could be held in his absence. Since the defendant was a first offender, and a probationer, the disposition of his charge could have been changed at any time until the end of his probation term. However, even if the defendant was not a first offender but was simply on probation, as in *Klovstad*, *Stewart*, and *Hall*, the general admonishment would be sufficient since the disposition of the defendant's case could change if he violated his probation and was given a new sentence. Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(e). Moreover, the defendant received notice of the hearing date for which he did not appear. Therefore, following *Hall*, we find that the defendant received sufficient notice that his probation revocation hearing could be held in his absence.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

JUSTICE McCUSKEY, specially concurring:
I agree that, under the circumstances present here, the trial court properly proceeded with a probation revocation hearing in the defendant's absence. However, I write separately because I believe the holding of this case should be specifically limited to the precise situation before us, a defendant accused of a violation of section 410 probation.

In this case, the defendant pleaded guilty and was sentenced to probation pursuant to section 410 of the Illinois Controlled Substances Act (Act) (720 ILCS 570/410 (West 1992)). Under the terms of the statute, when a first offender is sentenced to probation, the court defers "further proceedings in the case until the conclusion of the [probation] period or until the filing of a petition alleging violation of a term or condition of probation." 720 ILCS 570/410(b) (West 1992). If the terms and conditions of probation are fulfilled, "the court shall discharge the person and dismiss the proceedings against him." 720 ILCS 570/410(f) (West 1992). Accordingly, "discharge and dismissal under this Section is not a conviction for purposes of this Act." 720 ILCS 570/410(g) (West 1992). However, if the defendant violates a term or condition of probation, the court may then enter a judgment on its original finding of guilt. 720 ILCS 570/410(e) (West 1992).

In my opinion, a sentence of probation under section 410 of the Act is unique. Proceedings are not final until the trial court either: (1) makes a determination that the defendant successfully completed probation, in which case the proceedings are dismissed and no conviction is entered; or (2) makes a finding that the defendant violated the terms or conditions of probation, in which case a judgment of conviction may be entered and sentence imposed.

Accordingly, in the case at hand, the proceedings continued against the defendant from the time the original charge was filed against him until the hearing was held on the petition to revoke his probation. Moreover, the defendant was personally served with the petition to revoke his probation and was given notice of the date of the hearing. Based on the record before us, the admonition the defendant received at the beginning of the criminal process was sufficient notice to advise the defendant that further proceedings could occur if he failed to appear. Therefore, I agree that the admonition certificate signed by the defendant was sufficient notice and did not violate his due process rights.

For the reasons indicated, I specially concur.

SLATER, J., joins in this special concurrence.