**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190782-U

Order filed December 2, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0782 Circuit No. 17-CF-374 |
| NICOLE K. HILL, | ) ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justice McDade concurred in the judgment.
Justice Hettel dissented.

**ORDER**

¶ 1    *Held*:  The circuit court violated defendant's due process rights by proceeding to *in absentia* probation revocation and sentencing hearings without providing proper *in absentia* admonishments.

¶ 2    Defendant, Nicole K. Hill, appeals from the Henry County circuit court's revocation of her probation and sentence of seven years' imprisonment. Defendant argues the court erred by not providing complete trial and sentencing *in absentia* admonishments before conducting probation

revocation and sentencing hearings *in absentia*. Defendant also argues her sentence is excessive. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) and criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2016)). Defendant appeared in court for a preliminary hearing and signed a form titled "Warning of Trial *in Absentia*." The form stated:

> "I do understand that if I fail to appear for any future court hearings that I could be tried and sentenced in my absence. I do understand that I will be waiving or giving up my right to be present at my trial and to confront my accusers face to face and to have them cross-examined in my presence. I understand that if I fail to appear for trial I will be waiving my right to testify for myself and to be present to see and hear my witnesses testify. I understand that, if I fail to appear at sentencing that I will be waiving my right to testify and to give an unsworn statement. I also understand that my failure to appear for any future court hearings may result in a warrant for my arrest. I understand that I have to appear in Court when required and to keep the Circuit Clerk of Henry County aware of my current address."

Additionally, during the preliminary hearing, the following conversation occurred between defendant and the court:

> "THE COURT: I will enter a plea of not guilty and demand for jury trial. I'll set the case for a pretrial conference December 14th at 9:30, final pretrial conference December 26th at 9:30, jury trial the week of January 2nd of 2018.

2

[Defendant], you'll get a piece of paper with all of those dates on it. And I want to show you this warning of trial *in absentia* your attorney handed me. Is this your signature?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read this before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what rights you'd be giving up if you fail to appear at future court dates?

THE DEFENDANT: Yes, sir.

THE COURT: OK, as soon as she gets a copy of the pretrial order, she can be remanded."

¶ 5      Defendant pled guilty to possession of a stolen motor vehicle in exchange for the State dismissing the remaining count. Defendant was sentenced to 48 months of probation and 180 days in the county jail.

¶ 6      Thereafter, the State filed a petition to revoke defendant's probation. The petition alleged that defendant violated her probation by testing positive for methamphetamines, benzodiazepines, and cannabis; admitting to using opiates and benzodiazepines; and failing to pay $25 per month probation fees. The State filed a supplemental petition that further alleged defendant violated her probation by testing positive for marijuana and admitting to marijuana use; failing to obtain a substance abuse evaluation and commence treatment; failing to pay drug testing fees; and failing to report to court services. Defendant was informed by the court of these allegations and admonished of the consequences she would face if found in violation of probation.

¶ 7       At the hearing on the State's petition, defendant did not appear in court. Defense counsel requested a continuance, which the court denied. The court found that defendant violated her probation, ordered a presentence investigation report, and issued a warrant for defendant's arrest.

¶ 8       At the sentencing hearing, defendant again did not appear in court. Defense counsel asked for a continuance, which the court denied. The court sentenced defendant to seven years' imprisonment. Defense counsel filed a motion to reconsider sentence. Counsel also filed a motion for a new probation revocation hearing and sentencing hearing.

¶ 9       At the hearing on defendant's motions, defendant appeared in court. Defendant indicated that she was not aware that both the probation revocation and sentencing hearing would be able to proceed without her. Defendant did not recall receiving the warning of trial *in absentia* form. Additionally, defendant did not understand that the form applied to probation revocation and sentencing proceedings. Defendant explained that instead of appearing in court, she went to a rehabilitation center. The court denied the motions. Defendant appealed.

¶ 10                                    II. ANALYSIS

¶ 11      Defendant argues the court erred by not providing complete trial and sentencing *in absentia* admonishments before conducting probation revocation and sentencing hearings *in absentia*.

¶ 12      A defendant has a constitutional right to be present at all stages of trial including sentencing. *People v. Phillips*, 242 Ill. 2d 189, 194 (2011); U.S. Const., amend. XIV. A defendant may waive this right and be tried and sentenced *in absentia* if they are voluntarily absent. *Phillips*, 242 Ill. 2d at 194-95. Whether a trial *in absentia* violated a defendant's constitutional right to be present at trial is reviewed *de novo*. *People v. Montes*, 2013 IL App (2d) 111132, ¶ 52.

¶ 13      In Illinois, a defendant has a statutory right to be admonished as to the possible consequence of proceeding *in absentia*. *Phillips*, 242 Ill. 2d at 195; 725 ILCS 5/113-4(e) (West

4

2016). Section 113-4(e) of the Code of Criminal Procedure of 1963 (Code) requires, in relevant part, that if a defendant pleads not guilty, the court shall advise defendant at that time, or at a later court date, that if defendant fails to appear in court when required, a trial could proceed in defendant's absence. A court must substantially comply with this admonishment requirement before conducting *in absentia* proceedings. *People v. Liss*, 2012 IL App (2d) 101191, ¶ 17. The section 113-4(e) admonishments protect a defendant's due process rights in the event of an *in absentia* proceeding as long as defendant receives notice of the hearing date. *People v. Sherrod*, 279 Ill. App. 3d 383, 387 (1996). Although a defendant in a probation revocation proceeding is afforded lesser due process protection than a defendant initially standing trial, that defendant is still entitled to minimal due process protection, which includes adequate *in absentia* admonishments. *Id.* A written admonishment, by itself, will not satisfy the admonishment requirements of section 113-4(e). *Phillips*, 242 Ill. 2d at 201. While written admonishments are not a substitute for oral admonishments, written admonishments can be of value where incomplete oral admonishments have been given. *People v. Dominguez*, 2012 IL 111336, ¶ 30. However, where oral admonishments are extremely deficient, the written admonishment is considered a total substitute. *Id.* ¶ 29 (citing *People v. Cummings*, 7 Ill. App. 3d 306, 308 (1972)).

¶ 14　　　　Here the circuit court did not give the defendant any oral admonishments, but instead only referenced the form. The trial court did not notify defendant of any of her rights; only asking if defendant read and signed the form, and whether defendant understood the rights she would forfeit if she failed to appear at future court dates. The court made no mention of what these rights were. In essence, the court relied on the form as a complete substitute for the required oral admonishment. As a written form alone is not an admonishment pursuant to section 113-4(e) of the Code, defendant was not admonished by the court as to proceedings *in absentia* and her due

process rights were violated when the court proceeded *in absentia* with a probation revocation and sentencing hearing.

¶ 15        Accordingly, we vacate defendant's probation revocation and sentence, and remand for a new probation revocation hearing. The vacatur of defendant's sentence renders the second issue moot.

¶ 16                                        III. CONCLUSION

¶ 17        The judgment of the circuit court of Henry County is reversed and remanded.

¶ 18        Reversed and remanded.

¶ 19        JUSTICE HETTEL, dissenting.

¶ 20        I respectfully dissent. I agree with the majority that the admonitions in this case would be insufficient if the court held a trial *in absentia* because due process requires that a defendant tried *in absentia* receive more than written admonishments. See *Philips*, 242 Ill. 2d at 201. However, here, the proceeding held *in absentia* was not a trial but a hearing to revoke probation. "A defendant at a probation revocation proceeding is afforded lesser due process protection than a defendant initially standing trial for the substantive offense." *People v. Sherrod*, 279 Ill. App. 3d 383, 387 (1996). The "minimal due process protection" afforded a defendant at a hearing to revoke probation is satisfied where the defendant receives and signs a written form that contains *in absentia* warnings and receives notice of the date of the probation revocation hearing. See *id.* Here, defendant signed a written form including *in absentia* warnings and was notified of the date of the probation revocation hearing. Therefore, I would find defendant's due process rights were not violated and affirm defendant's probation revocation and sentence.